**SEALED BY ORDER OF THE COURT**

1   DANIEL ROBERT BARTLEY (SBN 79586)
    BARTLEY LAW OFFICES
2   Pruneyard Towers
    1999 South Bascom Avenue, Suite 700
3   Campbell, CA 95008-2205
    Main Telephone 408-879-2643
4   Attorney Direct Telephone 415-847-2060
    E-mail DanielBartleyLaw@aol.com
5
    Attorney for [SEAL]
6

**FILED**
FEB 17 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE, CALIFORNIA

fees paid np.
375 # 99

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE)

| | |
|---|---|
| [SEAL] | Case No. |
| Plaintiffs and Relators, | **COMPLAINT** |
| vs. | |
| [SEAL] | CV 15 00746  HRL |
| Defendants. | |
| | *[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT AND THE CALIFORNIA FALSE CLAIMS ACT]* |

[Seal v. Seal]

DANIEL ROBERT BARTLEY (SBN 79586)
BARTLEY LAW OFFICES
Pruneyard Towers
1999 South Bascom Avenue, Suite 700
Campbell, CA 95008-2205
Main Telephone 408-879-2643
Attorney Direct Telephone 415-847-2060
E-mail DanielBartleyLaw@aol.com

Attorney for Vincent Hascoet and Roger Roe, Plaintiffs/Relators

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE)

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF CALIFORNIA, *ex rel.* VINCENT HASCOET and ROGER ROE, <br><br> Plaintiffs and Relators, <br><br> vs. <br><br> MORPHO U.S., INC., SAFRAN U.S., INC., and SAFRAN GROUP, S.A., <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> *Causes of Action on Behalf of U.S.* <br><br> 1. Knowingly Presented, or Caused to Be Presented, a False or Fraudulent Claim for Payment or Approval, in Violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A) <br><br> 2. Knowingly Made, Used, or Caused to Be Made or Used, a False Record or Statement Material to a False or Fraudulent Claim, in Violation of 31 U.S.C. § 3729(a)(1)(B) <br><br> *Causes of Action on Behalf of State of California:* <br><br> 3. Knowingly Presented a False Claim for Payment or Approval, in Violation of the California False Claims Act, Cal. Gov. C. § 12651(a)(1) <br><br> 4. Knowingly Submitted a False Record or Statement to Get a False Claim Paid or Approved, in Violation of the California False Claims Act, Cal. Gov. C. § 12651 (a)(2) <br><br> 5. Failure of Beneficiary of False Claim to Disclose False Claim within Reasonable Time after Discovery, in Violation of Cal. Gov. Code § 12651(a)(8). <br><br> *[FILED UNDER SEAL PURSUANT TO THE FALSE CLAIMS ACT AND THE CALIFORNIA FALSE CLAIMS ACT]* |

## Introduction

1. This is a False Claims Act *qui tam* case in which Plaintiffs/Relators Vincent Hascoet and Roger Roe (pseudonyum), pursuant to the Federal False Claims Act ("FCA") and the California False Claims Act ("CFCA"), sue to recover damages and civil penalties on behalf of the United States of America and the State of California, arising out of false or fraudulent claims presented by Defendants incident to the sale of fingerprint identification devices to federal and state entities.

2. Defendants made false claims to the United States and all states of the United States, including, but not limited to, the State of California, and other government entities in the United States, as to the country of origin of fingerprint identification technology sold by Defendants to such government entities. Defendants specifically falsely claimed, and continue to falsely claim, that the technology within such devices was, and is, French technology, when in fact it is *Russian* technology, specifically technology used by the Russian Federal Security Service ("FSB") of the Russian Federation, the successor to the KGB that was the intelligence function under the USSR.

3. Relators allege the following five numbered causes of action against the named Defendants Morpho U.S., Inc., Safran U.S., Inc., and Safran Group, S.A. ("Defendants"):

#1: Knowingly Presented, or Caused to Be Presented, a False or Fraudulent Claim for Payment or Approval, in Violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A);

#2: Knowingly Made, Used, or Caused to Be Made or Used, a False Record or Statement Material to a False or Fraudulent Claim, in Violation of 31 U.S.C. § 3729(a)(1)(B);

#3: Knowingly Presented a False Claim for Payment or Approval, in Violation of the California False Claims Act, Cal. Gov. C. § 12651(a)(1);

#4: Knowingly Submitted a False Record or Statement to Get a False Claim Paid or Approved, in Violation of the California False Claims Act, Cal. Gov. C. § 12651 (a)(2);

#5: Failure of Beneficiary of False Claim to Disclose False Claim within Reasonable Time after Discovery, in Violation of Cal. Gov. Code § 12651(a)(8).

\\\

**Plaintiffs/Relators**

4. Plaintiff/Relator Vincent Hascoet was Deputy Director of the Russian branch of PowerJet in Moscow, Russia, from July 23, 2012, through May 31, 2014. PowerJet in Moscow is a joint venture of Snecma and NPO Saturn. He is a citizen of France and a resident of Russia.

5. Plaintiff/Relator Roger Roe (fictitious name) is a former high-level executive with Defendants in Russia for several years until mid-2014. He is a citizen of France and a resident of Russia.

6. Plaintiffs/Relators are original sources, having direct, firsthand, and independent knowledge of the information on which the allegations of false claims herein are based. They obtained such knowledge through their own labors unmediated by anything else.

**Defendants and Related Entities**

7. Safran Group, S.A.. Safran Group, S.A. ("Safran Group") is a conglomerate formed in 2005 with the merger of Sagem Sécurité S.A. and Snecma S.A. Safran's three core businesses are Aerospae, Defense, and Security. The Security division's expertise spans three key markets: identification of people and goods, production of e-documents, and detection of dangerous substances. Safran stock is traded on the following exchanges: NYSE, Euronext, Paris, and SAF.

8. Safran Group does business in the U.S. as Safran U.S., Inc., a Delaware corporation. According to its website, http://www.safran-usa.com, Safran USA: For over 40 years has supported a U.S. customer base that includes the federal government, branches of the American military, private sector companies and more in the aerospace, defense and security sectors. Safran's U.S. industrial footprint is Safran Group, S.A.'s most extensive outside France. It has expanded by 50% over the last ten years and comprises 30 companies and joint ventures, with 58 locations across 22 states. Safran USA accounts for about 25% of Safran Group's total revenues.

9. Sagem Sécurité SA. Sagem Sécurité SA is a corporation organized under the laws of France, having its place of business in Paris, France. Sagem Sécurité SA develops and supplies high-precision opto-mechanical, electronics, and optical solutions for defense, astronomy, research, and industry applications worldwide. Sagem Sécurité SA operates as a subsidiary of Safran SA.

10. Snecma S.A. Snecma S.A. is a French multinational aircraft and rocket engine manufacturer headquartered in Courcouronnes, France. Alone or in partnership, Snecma designs, develops, produces and markets engines for civil and military aircraft, launch vehicles and satellites. The company also offers a complete range of engine support services to airlines, armed forces and other operators. Snecma operates as a subsidiary of Safran SA.

11. Morpho U.S., Inc. Morpho U.S., Inc. ("Morpho"), is a corporation organized under the laws of the State of California. Its corporate headquarters offices are located at 560 S. Winchester Blvd., Suite 500, San Jose, Santa Clara County, California 95128. It is a wholly owned subsidiary of Safran Group, S.A. With integrated systems already up and running in more than 100 countries, Morpho is a world leader in automated fingerprint identification systems (AFIS) and identity management systems. Morpho U.S., Inc., makes the following claims on it website, http://www.morpho.com/identification/acces-securise-biometrique/?lang=en:

> Morpho offers a unique multibiometric product portfolio with fingerprint, multimodal (combination of finger vein and fingerprint biometrics) and facial devices.
>
> Our biometric readers have been designed mainly for the purposes of access control and clocking in and out.
>
> Products can also be used in other applications requiring biometric identification such as payment, customer loyalty schemes, automated cash dispensers, etc. where biometrics may either replace the card and/or the PIN code or improve their security level.
>
> Morpho also offers a range of OEM modules enabling all manufacturers to add rapidly and without specific knowledge of biometrics, the benefits of biometric recognition to their applications.

**Particulars Regarding False Claims**

12. Incident to his work with PowerJet, Plaintiff/Relator Hascoet became familiar with a great many areas of noncompliance, most of which he raised in detail with PowerJet management in Moscow and with Snecma management at Snecma Siège. These areas included, but were not limited to, myriad acts of bribery, unlawful gifts, bogus transactions, tax evasion,

\\\

and false certifications. Following Mr. Hascoet's complaints about these compliance issues, his employment was terminated.

13. Incident to Defendants' sale of Morpho fingerprint identification products to the United States and to individual states and other government entities within the United States, including, but not limited to the State of California, the U.S. Federal Bureau of Investigation ("FBI") was, and is, in charge of centralizing all fingerprints on behalf of all other government entities in the U.S., and therefore was, and is, the unique client of Morpho.

14. For national security, border protection, and other purposes, a material condition of sales by Defendants of the Morpho fingerprint identification devices to the United States, the State of California, and other government entities within the United States was that the products being purchased were *French* technology. Incident to sales of Morpho fingerprint identification devices to entities of the United States, the State of California, and other government entities within the U.S., Defendants falsely claimed that the technology used in such Morpho fingerprint identification technology was, and is, *French* technology, when in fact it was prohibited *Russian* technology, developed by the Russian company Papillon Software and Papillon Technology for Fingerprint and Palmprint Recognition ("Papillon").

15. Papillon is the official provider of fingerprint identification technology to the Russian Federal Security Service (FSB).

16. Sagem Sécurité SA ("Sagem"), on July 2, 2008, executed a Technology License Agreement ("Agreement" and "Sagem-Papillon Agreement") with Papillon. Via such Agreement, Sagem became the licensee of Papillon fingerprint identification technology software that was used as the basis for Morpho fingerprint identification products sold to U.S., State of California, and other government entities within the United States.

17. The definitions section of the subject Sagem-Papillon Agreement makes clear that the Morpho software is Russian technology. Specifically, the Agreement states, in pertinent part: "'Papillon Technology' means Russian and foreign Patents, Patent applications, and Copyrights, and the know-how, computer software, technical, and operational information in each case which

\\\

are owned by or licensed to Licensor or which, until the end of year 2013, are or will be invented, developed, owned or controlled by Licensor, and falling within the Licensed field."

18. The subject Sagem-Papillon Agreement grants the right "to the purpose of developing and selling integrated products on its own name, at is own risk through its normal sales channels".

19. Art 6.19(f) of the Sagem-Papillon Agreement states: "To the licensor's knowledge, software does not contain, . . . . , any (i) undisclosed 'back door' . . . ." Plaintiffs/Relators, however, are unaware of any measures ever taken by Defendants to independently verify that there is no "back door" or Trojan horse that could enable the FSB or others within the Russian Federation to circumvent or defeat fingerprint identification devices in the United States currently using the Russian software used by the Russian FSB.

### Damages

20. Over the last six years, Defendants' surreptitious sales of such Russian technology to federal, state, and local government entities within the United States were in excess of $1 billion, before trebling and before application of per-incident penalties.

### National Security Implications

21. The national security implications are significant. It is conceivable that, in time of conflict, or even in time of renewed cold war, the Russian Federation FSB may have and use a "back door" or Trojan horse in the Papillon fingerprint identification technology software such that the FSB could override fingerprint identification devices in such strategic places at the Pentagon, the CIA, the NSA, and other secure areas, and gain unauthorized entry.

### Pre-Filing Service on the United States and the State of California

22. Consistent with the pre-filing disclosure provisions of the False Claims Act and the California False Claims Act, Plaintiffs/Relators Hascoet and Roe, several weeks prior to the filing of this Complaint, confidentially disclosed the underlying facts of this Complaint to the United States Department of Justice and to the State of California Office of Attorney General.

\\\

\\\

# FIRST CAUSE OF ACTION

**Knowingly Presented, or Caused to Be Presented, a False or Fraudulent Claim for Payment or Approval, in Violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A)**

23. The above allegations of Paragraphs 1-22, common to each and every cause of action set forth herein, are incorporated herein by reference, the same as fully set forth within this Cause of Action.

24. In performing the acts particularly set forth above, Defendants defrauded the United States of America, by knowingly presenting, or causing to be presented, to one or more officers or employees of the United States of America, a false and fraudulent claim for approval or payment for Medi-Cal, with an implied certification of compliance with all Federal eligibility laws, in contravention of the Federal False Claims Act (31 U.S.C. § 3729(a)(1)(A)), to the damage of the treasury of the United States of America, by causing the United States to pay out money it is not obligated to pay.

25. By engaging in the above-referenced conduct, Defendants knowingly presented, or caused to be presented, a false or fraudulent claim for payment or approval, in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A).

26. As a direct and proximate result of Defendants' aforesaid conduct, the United States suffered, and is entitled to recover, actual damages, trebled and with per-incident penalties and statutory attorney fees.

# SECOND CAUSE OF ACTION

**Knowingly Made, Used, or Caused to Be Made or Used, a False Record or Statement Material to a False or Fraudulent Claim, in Violation of 31 U.S.C. § 3729(a)(1)(B)**

27. The above allegations of Paragraphs 1-22, common to each and every cause of action set forth herein, are incorporated herein by reference, the same as fully set forth within this Cause of Action.

28. By virtue of the particular acts described above, Defendants knowingly made, used, or caused to made or used a false or fraudulent record or a false or fraudulent statement material

to getting a false or fraudulent claim paid or approved by the United States of America, in contravention of the Federal False Claims Act (31 U.S.C. § 3729(a)(1)(B)) to the damage of the Treasury of the United States of America, by causing it to pay out money it was not obligated to pay.

29. By engaging in the above-referenced conduct, Defendants knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, in violation of 31 U.S.C. § 3729(a)(1)(B)

30. As a direct and proximate result of Defendants' aforesaid conduct, the United States suffered, and is entitled to recover, actual damages, trebled and with per-incident penalties and statutory attorney fees.

### THIRD CAUSE OF ACTION

**Knowingly Presented a False Claim for Payment or Approval, in Violation of the California False Claims Act, Cal. Gov. C. § 12651(a)(1)**

31. The above allegations of Paragraphs 1-22, common to each and every cause of action set forth herein, are incorporated herein by reference, the same as fully set forth within this Cause of Action.

32. By virtue of the above conduct, Defendants have knowingly made, used, or caused to be made or used, a false claim to get a false or fraudulent claim paid or approved by the State of California, in contravention of the California False Claims Act (Cal. Gov. C. § 12651(a)(1)), to the damage of the State of California, by causing it to pay out money it was not obligated to pay.

33. As a direct and proximate result of Defendants' aforesaid conduct, the State of California suffered, and is entitled to recover, actual damages, trebled and with per-incident penalties and statutory attorney fees.

\\\

\\\

\\\

62. In such circumstance, Defendants each discovered the falsity of the subject claims, yet failed to disclose such falsity to the State of California within a reasonable time after discovery.

39. By engaging in the above-referenced conduct, Defendants, as beneficiaries of the false claim, failed to disclose false claim within reasonable time after discovery, in violation of Cal. Gov. Code § 12651(a)(8).

40. As a direct and proximate result of Defendants' aforesaid conduct, the State of California suffered, and is entitled to recover, actual damages, trebled and with per-incident penalties and statutory attorney fees.

## PRAYER

Plaintiffs/Relators pray for the following relief:

1. Judgment in favor of the United States against all Defendants, by reason of the violations of the False Claims Act as set forth above, in an amount equal to three times the amount of damages the United States has sustained because of Defendants' actions, plus a statutory civil penalty of not less than Six Thousand Dollars ($6,000) for each false claim, plus three times the amount of damages which the United States has sustained, pursuant to 31 U.S.C. § 3729(a);

4. Judgment in favor of the State of California against all Defendants, by reason of the violations of the California False Claims Act as set forth above, in an amount equal to three times the amount of damages the State of California has sustained because of Defendants' actions, plus a statutory civil penalty of not less than Five Thousand Dollars ($5,000) for each false claim, plus three times the amount of damages which the State of California has sustained, pursuant to the California False Claims Act;

2. Award to Relators of the maximum amount allowed pursuant to 31 U.S.C. § 3730(d), the Federal False Claims Act, on the United States' recovery;

5. Award to Relators of the maximum amount allowed pursuant to the California False Claims Act, on the State of California' recovery;

6. Award to Relators of all reasonable expenses which the Court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs, pursuant to the False Claims Act and the California False Claims Act;

6. Debarment of Defendants from contracting with the United States and the State of California;

7. Trial by jury;

8. Such other and further relief as the Court deems proper.

Dated:  February 17, 2015                                    Respectfully submitted,

DANIEL R. BARTLEY
ATTORNEY FOR RELATORS
VINCENT HASCOET AND
ROGER ROE

By:  _/s/ Daniel R. Bartley_
Daniel R. Bartley