UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAFRAN GROUP, S.A., et al.,<br><br>Defendants. | Case No. 15-CV-00746-LHK<br><br>**ORDER RE: STAY OF DISCOVERY** |

On October 19, 2016, the Court held an initial case management conference in the instant case. Defendant Safran USA, Inc. ("Safran USA") requested a stay of discovery until the pleadings were set. ECF No. 29 at 6. The Court denied the request for a stay of discovery. Thus, since October 19, 2016, the parties were free to engage in discovery.

On January 19, 2017, the Court granted Defendant Safran USA's motion to dismiss the second amended complaint because Relators failed to meet Federal Rule of Civil Procedure 9(b)'s pleading standard. ECF No. 54. The second amended complaint failed to plead facts describing the "who . . . when, where, and how" of the alleged fraud, as required under Ninth Circuit precedent. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). In fact, even though Relators purport to be "insiders" of Defendants in this case, the second amended complaint

1
Case No. 15-CV-00746-LHK
ORDER RE: STAY OF DISCOVERY

provided no specifics about Safran USA's role in the alleged fraud whatsoever and, instead, relied on public information from Safran USA's website. This was especially troubling given that the second amended complaint was Relators' *third* attempt at pleading a claim against Defendants.

Given these deficiencies in the second amended complaint, Safran USA filed a Motion to Postpone Deposition of Frank Barret Pending Ruling on Motion to Dismiss SAC. ECF No. 48. Relators filed no opposition to Safran USA's motion.

After considering the deficiencies in Relators' second amended complaint, the Court granted a stay of all discovery, and denied as moot the specific request to postpone the deposition of Frank Barret. ECF No. 55; *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

The Court reached this decision based on the lack of specificity in the second amended complaint and the particular nature of the claims asserted in the instant case, the False Claims Act and the California False Claims Act. "'*Qui tam* suits are meant to encourage insiders privy to a fraud on the government to blow the whistle on the crime.' Because 'insiders privy to a fraud on the government' should have adequate knowledge of the wrongdoing at issue, such insiders should be able to comply with Rule 9(b)." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citing *Wang v. FMC Corp.*, 975 F.2d 1412, 1419 (9th Cir. 1992)); *see also* 31 U.S.C. § 3730(e)(4)(A) (requiring that relators either plead non-public information or be the original source of the public information); Cal. Gov't Code § 12652(d)(3)(A) (same).

Multiple courts have held that it is inappropriate to allow *qui tam* relators to use discovery as a means of satisfying the pleading requirements of Rule 9(b):

> "[A]llowing a relator to plead generally at the outset and amend the complaint at the 12(b)(6) stage after discovery would be at odds with the FCA's procedures for filing a *qui tam* action and its protections for the government . . . . Other courts

2

Case No. 15-CV-00746-LHK
ORDER RE: STAY OF DISCOVERY

have repeatedly refused to allow *qui tam* relators to rely on later discovery to comply with Rule 9(b)'s pleading requirements . . . . The reluctance of courts to permit *qui tam* relators to use discovery to meet the requirements of Rule 9(b) reflects, in part, a concern that a *qui tam* plaintiff, who has suffered no injury in fact, may be particularly likely to file suit as 'a pretext to uncover unknown wrongs.'"

*U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 231 (1st Cir. 2004), *abrogation on other grounds recognized by U.S. ex rel. Gagne v. City of Worcestor*, 565 F.3d 140 (1st Cir. 2009) (citations omitted); *see also E. Bay Mun. Utility Dist. v. Balfour Beatty Infrastructure, Inc.*, 2013 WL 6698897, at *9 (N.D. Cal. Dec. 19, 2013) (denying *qui tam* relators' request to compel defendants to respond to discovery, and stating that *qui tam* relators "are not entitled to take further discovery until they file a complaint that complies with Rule 9(b)"); *Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 638, 639 (N.D. Cal. 1997) ("As with other claims alleging fraudulent conduct, a claim for relief under the California False Claims Act requires that the plaintiff, prior to filing his claim, possess a reasonable belief based upon articulable facts that a wrong has occurred. The claim itself cannot be used as a means for discovering that wrong.").

The Court finds these decisions persuasive, and therefore finds good cause to stay discovery until Relators satisfy the requirements of Rule 9(b).  *See* Fed. R. Civ. P. 26(c) (allowing stays of discovery for good cause shown).

**IT IS SO ORDERED.**

Dated: January 20, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No. 15-CV-00746-LHK
ORDER RE: STAY OF DISCOVERY

3