UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, et al., | Case No. 15-CV-00746-LHK |
|---|---|
| Plaintiffs, | **ORDER DENYING RELATORS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** |
| v. | |
| SAFRAN GROUP, S.A., et al., | Re: Dkt. No. 78 |
| Defendants. | |

Relators Vincent Hascoet ("Hascoet") and Philippe Desbois ("Desbois") (collectively, "Relators"), on behalf of the United States of America (the "United States") and the State of California ("California") (collectively, the "Government Plaintiffs"), sued Safran Group, S.A. ("Safran Global"), Morpho, S.A. a.k.a. Safran Identity & Security, S.A. ("Safran Security"), and Safran U.S.A., Inc. ("Safran USA") (collectively, "Defendants") for violation of the federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, and the California False Claims Act ("California FCA"), Cal. Gov't Code § 12651 *et seq.* Before the Court is Relators' Motion for Leave to File Fourth Amended Complaint Adding Additional Safran/Morpho Subsidiaries in U.S. ("Motion for Leave to File a Fourth Amended Complaint"). ECF No. 78 ("Mot."). Pursuant to Civil Local Rule 7–1(b), the Court finds this matter appropriate for resolution without oral argument and

1
Case No. 15-CV-00746-LHK
ORDER DENYING RELATORS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

vacates the hearing scheduled for May 11, 2017. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Relators' Motion for Leave to File Fourth Amended Complaint.

## I. BACKGROUND

### A. Factual Background

This case is an FCA and California FCA *qui tam* action in which Relators are suing Defendants on behalf of the United States and California. Relators are allegedly former employees of Defendants, insiders, who bring this action to recover on fraudulent claims for payment allegedly submitted to the United States and California. Specifically, Relators allege that Defendants sold the United States and California Russian fingerprint identification technology while representing it to be French technology. Additionally, Relators allege that Defendants expressly or impliedly certified that Defendants had complied with the Sherman Antitrust Act, 15 U.S.C. §§ 1–7, and The Trade Agreements Act of 1979 ("Trade Act"), 19 U.S.C. §§ 2501–581, even though Defendants were allegedly in violation of both statutes. The Court first describes the corporate structure of Defendants and related entities as alleged in the Third Amended Complaint ("TAC"), then describes Relators' relationship with Defendants, and finally describes the violations alleged in the TAC.

Relators allege that Defendant Safran Global is a corporation that was formed under the laws of France in 2005 through the merger of Sagem Securite S.A. ("Sagem") and Snecma S.A. ("Snecma"). TAC ¶ 9. Although Safran Global was allegedly formed through the merger of Sagem and Snecma, Relators allege that both Sagem and Snecma continue to operate as subsidiaries of Safran Global. *Id.* Sagem "develops and supplies high-precision opto-mechanical, electronics, and optical solutions for defense, astronomy, research, and industry applications worldwide." *Id.* ¶ 12. Snecma "designs, develops, produces and markets engines for civil and military aircraft, launch vehicles and satellites." *Id.*

Defendant Safran USA is a Delaware corporation that is 97.5% owned by Safran Global and 2.5% owned by Defendant Safran Security. *Id.* ¶ 10. Defendant Safran Security is a French

corporation and, until May 2016, was named "Morpho," "Morpho Group," or "Morpho, S.A." *Id.*
¶ 13. Safran Security is 75% owned by Safran Global and 25% owned by Safran USA. *Id.*
Relators allege that Safran Global does business in the United States and in California as Safran
USA and Safran Security. *Id.* ¶ 10.

Relators allege that they were employees of Defendants and entities related to Defendants. *Id.* ¶ 4 ("Both are former employees [of] entities of [Safran Global]."). Relator Desbois is a French national who lives in Russia. *Id.* ¶ 4. Desbois worked for Defendants or entities related to Defendants from November 2007 to September 2014. *Id.* ¶ 6. Specifically, Desbois first was the Chief Financial Officer ("CFO") in the Russian branch of Safran Global. *Id.* Later, Desbois served as the Chief Executive Officer ("CEO") of "Morpho Russia."[1] *Id.* Desbois' job at "Morpho Russia" ended in September 2014, and it is unclear from the TAC whether he quit or was terminated.

Relator Hascoet is also a French national who lives in Russia. *Id.* ¶ 4. From July 23, 2012 to May 31, 2014, Hascoet was the Deputy Director of the Russian branch of a company named PowerJet. *Id.* ¶ 7. PowerJet was a "joint venture" between Snecma and another company named "NPO Saturn." *Id.* Relators provide no further detail about PowerJet or NPO Saturn. Relators allege that Hascoet wrote a "comprehensive report" for Snecma in which he outlined "myriad acts of bribery, unlawful gifts, bogus transactions, tax evasion, and false certifications of compliance with laws." *Id.* The TAC does not specify whether these actions in the report occurred in PowerJet alone or occurred as part of Safran Global's operations more generally. Relators allege that Hascoet's employment was terminated due to his "complaints and reports about these compliance issues." *Id.*

During their tenures at Defendants and entities related to Defendants, Hascoet and Desbois "engaged in extensive professional communications with one another regarding compliance issues," including the issues that are the focus of the instant suit. *Id.* Allegedly, "Desbois and

---

[1] It is unclear, but Relators imply that Morpho Russia and Morpho, S.A., to which this order refers as Safran Security, are the same entity or branches of the same entity.

3
Case No. 15-CV-00746-LHK
ORDER DENYING RELATORS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

Hascoet also closely collaborated in regard to communicating with the United States Securities & Exchange Commission ("SEC") regarding Defendants' serious issues of noncompliance." *Id.*

Based on this alleged insider information, Relators make three allegations as the basis of their FCA and California FCA claims. First, Relators allege that Defendants sold fingerprint identification products created by Safran Security to the United States and California. *Id.* ¶ 14. Relators allege that Defendants falsely claimed that the technology used in the Safran Security fingerprint identification technology was French technology when it was actually Russian technology. *Id.* ¶ 16. Relators allege that they learned of this misrepresentation because Sagem, one of the two companies that merged to become Safran Global and now acts as a subsidiary of Safran Global, entered a technology license agreement with Papillon ZAO ("Papillon") in which Papillon licensed its technology to Sagem. *Id.* ¶ 18. The licensing agreement states that the technology that was licensed to Sagem was Russian technology. *Id.* ¶ 18. Allegedly, this Russian technology became part of the Safran Security fingerprint identification products. *Id.* ¶ 23–29.

Second, Relators allege that Defendants and Papillon reached an agreement where they would "divide up the world market for fingerprint identification products, and would not compete in each other's market." *Id.* ¶ 31. Relators allege that this agreement violated the Federal Acquisition Regulation and the Sherman Antitrust Act, 15 U.S.C. §§ 1–7. *Id.* ¶ 32. This violation allegedly rendered Defendants' claims false because Defendants had made written representations to the United States and California that certified compliance with the Federal Acquisition Regulations and the Sherman Antitrust Act. *Id.*

Third, Relators allege that Defendants "routinely and regularly falsely certified, in writing," that Defendants were in compliance with the Trade Act, 19 U.S.C. §§ 2501–2581. Allegedly, products are only Trade Act compliant if they are made in the United States or one of the designated countries listed in the Code of Federal Regulations, 48 C.F.R. 25.003. *Id.* ¶ 34. Russia is not one of the designated countries, which allegedly renders Defendants' representations false.

**B.     Procedural History**

On February 17, 2015, Relators filed the instant suit in the Northern District of California under seal. ECF No. 1. The case was assigned to Magistrate Judge Howard Lloyd. On April 19, 2016, the United States declined to intervene in the instant suit. ECF No. 5. On July 29, 2016, California also declined to intervene. ECF No. 13.

On August 5, 2016, the instant suit was unsealed. On August 10, 2016, Relators filed a first amended complaint ("FAC"). ECF No. 16.

On September 14, 2016, Defendant Safran USA declined Magistrate Judge jurisdiction, ECF No. 23, and on September 15, 2016, the instant suit was reassigned to the undersigned judge, ECF No. 26.

On October 14, 2016, Relators voluntarily dismissed former Defendant Morpho U.S., Inc. from the instant suit because it is an entirely separate entity with no involvement with Defendants or the alleged fraud at issue in the instant case. ECF No. 30. In a joint case management statement, Relators stated their intention to add Safran Security (Morpho S.A.) as a defendant in place of Morpho U.S., Inc. in a second amended complaint ("SAC"). ECF No. 29.

On October 19, 2016, a case management conference was held in the instant case. ECF No. 34. The Court ordered Relators to provide Defendant Safran USA a proposed SAC adding Safran Security as a defendant by October 21, 2016. ECF No. 36. The Court set a deadline of October 24, 2016 for Safran USA to stipulate, or refuse to stipulate, to the filing of the SAC. *Id.* During the October 19, 2016 case management conference, the Court also denied a stay of discovery. ECF No. 29, 34. On October 25, 2016, Safran USA filed a notice of stipulation to the filing of the SAC, ECF No. 37, and on the same day, Relators filed the SAC, ECF No. 38.

On November 8, 2016, Safran USA filed a Motion to Dismiss Relators' Second Amended Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6). ECF No. 45. On November 22, 2016, Relators filed an opposition, ECF No. 46, and on November 29, 2016, Safran USA filed a reply, ECF No. 47. On January 19, 2017, the Court granted Safran USA's Motion to Dismiss, ECF No. 54, and because the SAC was "woefully inadequate," the Court stayed discovery "until Relators c[ould] state a legally sufficient claim," ECF No. 55, 56.

On February 10, 2017, Relators filed a third amended complaint ("TAC"). ECF No. 60 (TAC). The same day, Relators filed an Ex Parte Application Pursuant to FRCP 60(b)(1) for Relief From January 19, 2017 Order Granting Relators 21 Days to File Third Amended Complaint, Where Relators' Counsel Mistakenly Calendared the Due Date as February 10 and Thus E-Filed Such Third Amended Complaint One Day Late ("Ex Parte Application"). ECF No. 61. Defendants filed an opposition to Relators' Ex Parte Application, ECF No. 64, and Relators filed a reply, ECF No. 65, 67. On February 17, 2017, the Court Granted Relators' Ex Parte Application. ECF No. 68.

In Defendants' opposition to Relators' Ex Parte Application, Defendants argued that new parties had been added to the TAC, namely, Morphotrak, LLC ("Morphotrak") and Morphotrust USA, LLC a.k.a. Morphotrust USA, Inc. ("Morphotrust"), in violation of the Court's January 19, 2017 order granting Safran USA's motion to dismiss. ECF No. 64. The January 19, 2017 order stated that "Relators may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Rule 15 of the Federal Rules of Civil Procedure." ECF No. 54 at 24. In the February 17, 2017 order granting Relators' Ex Parte Application to file the TAC one day late, the Court noted that new parties could only be added by a properly filed motion for leave to add additional parties. ECF No. 68. On February 23, 2017, the Court granted the parties' stipulation to a briefing schedule on the instant Motion for Leave to File a Fourth Amended Complaint, which seeks to add Morphotrak and Morphotrust as defendants in the instant suit. ECF No. 72.

After improperly efiling the instant motion on February 27, 2017, on February 28, 2017, Relators filed the instant Motion for Leave to File a Fourth Amended Complaint. ECF No. 73 (improperly efiled Motion for Leave to File Fourth Amended Complaint on February 27, 2017), 78 (properly efiled Motion for Leave to File Fourth Amended Complaint on February 28, 2017). Relators' briefing in support of the instant motion was filed separately on February 27, 2017. ECF No. 74 ("Opening Brief"). On March 14, 2017, Defendants filed an opposition, ECF No. 79 ("Opp'n"), and on March 20, 2017, Relators filed a Reply, ECF No. 80 ("Reply").

## II. LEGAL STANDARD

As a general matter, Federal Rule of Civil Procedure 15(a) states that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). The Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). However, in cases where a party moves to amend or add a party after the Court's deadline for filing motions or amending the pleadings, Federal Rule of Civil Procedure 16 governs, and the party must show good cause and obtain the judge's consent to modify the deadlines set by the Court. *See* Fed. R. Civ. P. 16(b)(4). "The 'good cause' standard primarily considers the diligence of the party seeking the amendment. Carelessness is not compatible with a finding of diligence and offers no reason to grant relief." *Hannon v. Chater*, 887 F. Supp. 1303, 1319 (N.D. Cal. 1995) (internal alterations and quotations omitted) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)).

"A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order." *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)); *see also Jacobson v. Persolve, LLC*, 2015 WL 2061712, at *3 (N.D. Cal. May 1, 2015) (quoting *Matrix Motor*'s standard). It is the moving party's burden to show that it acted diligently to comply with the Court's deadline but was unable to comply "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Clear–View Techs., Inc. v. Rasnick*, 2015 WL 1307112, at *3 (N.D. Cal. Mar. 23, 2015) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

## III. DISCUSSION

As noted above, the instant suit involves allegations that Defendants committed fraud by selling fingerprint identification products that illegally contained Russian technology to the United States and California while claiming that the fingerprint identification products contained only

7

French technology and were in compliance with all applicable laws. Morphotrak and Morphotrust are allegedly wholly owned subsidiaries and agents of Defendants Safran Global and Safran Security that entered contracts to fraudulently sell fingerprint identification products to the United States and California. TAC ¶¶ 23–29.

Relators argue that the Court should allow Plaintiffs to amend their complaint to add Morphotrak and Morphotrust as defendants. The Court issued a Case Management Order on October 19, 2016 that set December 19, 2016 as the last day to amend the pleadings or add parties. ECF No. 36. Relators did not object to the December 19, 2016 deadline. Accordingly, Relators' Motion for Leave to File Fourth Amended Complaint to add additional parties, which was filed on February 28, 2017, is governed by the good cause standard of Rule 16(b). The Court first discusses the procedural history of the instant case and then discusses whether Relators have met the Rule 16(b) good cause standard.

### 1. Procedural History Relevant to Rule 16(b) Standard

Relators filed the instant suit under seal on February 7, 2015. ECF No. 1. On April 19, 2016, the United States declined to intervene in the instant suit. ECF No. 5. On July 29, 2016, California also declined to intervene. ECF No. 13. On August 5, 2016, the instant suit was unsealed. Five days after the suit was unsealed, on August 10, 2016, Relators filed the FAC, but did not add Morphotrak or Morphotrust as defendants. ECF No. 16.

On October 14, 2016, Relators voluntarily dismissed Morpho U.S., Inc. as a defendant from the instant suit because Morpho U.S., Inc. was not connected at all to Defendants or the allegedly fraudulent activities at issue in the instant suit. ECF No. 29. On October 25, 2016, the parties stipulated to the filing of an SAC that added Safran Security (also known as Morpho, S.A.) as a defendant in place of Morpho U.S., Inc. ECF Nos. 37 (stipulation), 38 (SAC). Relators' October 25, 2016 SAC made no mention of Morphotrak or Morphotrust.

As noted above, on October 19, 2016, the Court issued a Case Management Order that set a December 19, 2016 deadline to amend pleadings or add parties. Between the filing of the SAC and the December 19, 2016 deadline, Relators did not seek to amend the pleadings, add additional

parties, or modify the deadline to amend pleadings or add parties.

On November 8, 2016, Safran USA moved to dismiss Relators' SAC. ECF No. 45. On January 19, 2017, the Court granted Defendant Safran USA's motion to dismiss Relators' SAC. ECF No. 54. Then, although the Court had specifically stated in its January 19, 2017 order that Relators could only add new parties by leave of Court, Relators added Morphotrak and Morphotrust as defendants without seeking leave of Court in the TAC. Relators only brought the instant motion after Defendants requested that Morphotrak and Morphotrust be struck from the TAC. ECF No. 64.

### 2. Analysis

The Court next addresses whether, in light of the above-described series of events, Relators have shown good cause under Rule 16(b) to allow Relators to add additional defendants. As noted above, "[t]he 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Hannon*, 887 F. Supp. at 1319 (citation omitted).

Here, Relators have failed to meet their "burden to show that [they] acted diligently to comply with the Court's deadline" to add parties. *Matrix Motor Co.*, 218 F.R.D. at 671. The deadline to amend pleadings or add parties in the instant suit was set on December 19, 2016, almost two years after Relators filed the instant suit. As of December 19, 2016, Relators had already filed two amended complaints that modified the pleadings or added parties, but had not made any attempt to add Morphotrak and Morphotrust as defendants. Relators then attempted to bypass the December 19, 2016 deadline to amend pleadings or add parties and the January 19, 2017 order requiring Relators to seek leave of court to add new Defendants by adding them to the TAC without seeking leave of Court. Relators' failure to add Morphotrak and Morphotrust as defendants before the December 19, 2016 deadline and Relators' attempt to bypass this Court's orders are strong evidence that Relators have not been diligent. *See Mammoth Recreations*, 975 F.2d at 609 ("Carelessness is not compatible with a finding of diligence.").

In addition, the Court notes that the nature of False Claims Act *qui tam* actions weighs against a finding of diligence in the instant case. The Court previously filed an Order Re: Stay of

9
Case No. 15-CV-00746-LHK
ORDER DENYING RELATORS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

Discovery that discussed why discovery was stayed in the instant case. ECF No. 56. The Court noted that "[*q*]*ui tam* suits are meant to encourage insiders privy to a fraud on the government to blow the whistle on the crime.'" *Id.* (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation omitted)). As insiders, Relators "should be able to comply with Rule 9(b)." *Id.* (quoting *Bly-Magee*, 236 F.3d at 1019). As a result, the Court noted that multiple courts do not permit discovery in *qui tam* actions until a claim is stated because otherwise Relators posing as insiders may "file suit as 'a pretext to uncover unknown wrongs.'" ECF No. 56 at 2–3 (citing *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 231 (1st Cir. 2004)). The principle that Relators should be insiders with sufficient knowledge to state a claim under Rule 9(b) is inconsistent with the instant motion, which seeks leave to file an amended complaint to add new parties *two* years after Relators filed the instant case and after Relators amended their complaint twice. If Relators are actually former high-ranking insiders with knowledge of the alleged fraud, Relators were not diligent because such insiders purportedly would have had knowledge of Morphotrak's and Morphotrust's role in the alleged fraud. The additional onus placed on Relators in *qui tam* FCA causes of action thus weighs against a finding of diligence in the instant case.

In response to the above procedural history and Relators' failure to timely seek to add Morphotrak and Morphotrust as defendants, Relators make no argument or provide any evidence that shows that Relators have been diligent. Relators do not argue that they were unaware of Morphotrak's or Morphotrust's role in the alleged fraud or were precluded from seeking to add Morphotrak and Morphotrust as defendants before December 19, 2016. Moreover, Relators do not argue that Defendants somehow hid Morphotrak's and Morphotrust's role in the alleged fraud.

Instead, Relators make a number of other arguments that Relators have satisfied the requirements of Rule 16(b). Relators argue that there is good cause to allow Relators to add Morphotrak and Morphotrust as defendants because (1) Defendants have failed to show that Relators actions show a lack of diligence, (2) Morphotrak and Morphotrust are "defendants in name only" and are "one and the same" with Safran Group and Safran Security, (3) Defendants' corporate structure is complicated, (4) Relators are adding the new defendants because the Court

10

1 found the SAC inadequate under Rule 9(b), (5) Defendants will not suffer prejudice, (6) discovery has not yet begun in the instant suit, (7) there is a "public interest at stake," (8) the core allegations in the instant suit remain the same as in the original complaint, and (9) the foreign Defendants, Safran Group and Safran Security, required Relators to serve Safran Group and Safran Security in accordance with the Hague Convention. Opening Brief at 6–7; Reply at 2. The court first addresses arguments 1, 3, 4, and 6, and then addresses arguments 2, 5, 7, 8, and 9.

### a. Relators' Arguments 1, 3, 4, and 6

Relators' first argument is that "Defendants in their opposition papers make no showing of [a] lack of diligence." Reply at 2. However, Relators are mistaken in their attempt to place the burden on Defendants to show a lack of diligence. Relators have the burden to show that they acted diligently to comply with the Court's deadline to amend pleadings or add parties but were unable to comply "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Rasnick*, 2015 WL 1307112 at *3 (citation omitted). Thus, Relators' argument that Defendants have not proven a lack of diligence does not provide a reason to grant the instant motion.

Relators' second argument is that Defendants' corporate structure is a "labyrinthine convoluted tangled web." Opening Brief at 6. However, as noted above, Relators instituted this action more than two years ago and are allegedly former high-ranking insiders privy to Defendants' inner workings. Moreover, Relators do not argue or provide evidence that this "convoluted tangled web" prevented Relators from adding Morphotrak and Morphotrust as defendants before the December 19, 2016 deadline. Relators make no connection between Defendants' allegedly complicated corporate structure and Relators' diligence. The fact that Defendants have a complicated corporate structure does not provide evidence that Relators were diligent with respect to adding Morphotrak and Morphotrust as defendants.

Relators' third argument is that Relators did not know that they needed to add Morphotrak and Morphotrust as defendants until after the Court ordered Relators to comply with the requirements of Federal Rule of Civil Procedure Rule 9(b). *See* Opening Brief at 6 ("Once the

11

Case No. 15-CV-00746-LHK
ORDER DENYING RELATORS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

Court ordered Relators to plead more specifically the "who, what, when, where, and how" of their claims, it became apparent to Relator's [sic] counsel that Relators must name . . . each and every American subsidiary that was directly involved in [the claims at issue in the instant suit]."). Rule 9(b) requires that pleadings alleging fraud identify the "who, what, when, where, and how" of their claims. Relators' counsel should have been aware of Rule 9(b)'s pleading requirements before the Court's January 19, 2017 order granting Safran USA's motion to dismiss. Moreover, at a minimum, Relators were on notice that the SAC did not meet Rule 9(b)'s pleading requirement when Safran USA filed its motion to dismiss the SAC on November 8, 2016 because the SAC was inadequate on its face. ECF No. 45 (Safran USA's motion to dismiss); *see also* ECF No. 55 (staying discovery in the instant case partly because the SAC was "woefully inadequate").

Relators' fifth argument is that discovery has not yet begun in the instant suit.[2] Relators make this point in an attempt to show that Morphotrak and Morphotrust will not be prejudiced by having missed depositions. Opening Brief at 7. Relators' argument is either inapposite or cuts against a finding of diligence. First, the argument that Morphotrak and Morphotrust will not be prejudiced by being added to the instant suit is inapposite to the diligence question.

Second, Relators' admission that no discovery has occurred in the instant suit actually undermines a finding of diligence. The fact that no discovery has occurred shows that Relators were able to add Morphotrak and Morphotrust as defendants without discovery. Thus, because discovery was unnecessary to add Morphotrak and Morphotrust to the instant suit, Relators could have added Morphotrak and Morphotrust as defendants before the December 19, 2016 deadline to amend pleadings or add parties had Relators acted with diligence. Accordingly, no part of Relators' fifth argument shows that Relators were diligent in adding Morphotrak and Morphotrust as defendants.

---

[2] Relators' statement is misleading. While it may be true that the parties have not begun discovery, the parties could have engaged in discovery between October 19, 2016, the date of the initial case management conference where the Court denied Defendants' motion to stay discovery, ECF No. 36, and January 19, 2017, the date when the Court stayed discovery pending Relators' ability to state a claim, ECF No. 55.

12
Case No. 15-CV-00746-LHK
ORDER DENYING RELATORS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

### b. Relators' Arguments 2, 5, 7, 8, and 9

The Court next addresses arguments 2, 5, 7, 8, and 9—arguments that (1) Morphotrak and Morphotrust are "one and the same" with Safran Group and Safran Security, (4) Defendants will not suffer prejudice by adding new defendants, (6) there is an important public interest at stake, (7) the proposed Fourth Amended Complaint makes allegations that are similar to the original complaint, and (8) Safran Global and Safran Security required service in accordance with the Hague Convention. The Court finds that these arguments have no bearing on the instant motion because they are not even tangentially related to Relators' diligence in adding Morphotrak and Morphotrust as defendants. Whether or not Morphotrak and Morphotrust are one and the same with Safran Group and Safran Security does not change Relators' lack of diligence. Similarly, the lack of prejudice to Defendants, the public interest at stake, the similarity of the allegations in the proposed Fourth Amended Complaint and the original complaint, and the fact that two Defendants required service that complied with the law does not show that Relators were diligent with respect to adding Morphotrak and Morphotrust as defendants. Accordingly, none of Relators' arguments in support of the instant motion show that Relators have satisfied the diligence requirement of Rule 16(b).

As the Ninth Circuit has instructed, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Mammoth Recreations*, 975 F.2d at 609. "If [the moving] party was not diligent, the inquiry should end." *Id.* The Court therefore concludes that Plaintiff has not satisfied Rule 16's good cause requirement to modify the Court's case management schedule. The Court DENIES Plaintiff's Motion for Leave to File Fourth Amended Complaint.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Relators' Motion for Leave to File Fourth Amended Complaint. The Court STRIKES Morphotrust and Morphotrak as defendants from the TAC. Relators shall file a revised TAC within three (3) days of this order that removes Morphotrak and Morphotrust as defendants.

**IT IS SO ORDERED.**

Dated: May 9, 2017

_Lucy H. Koh_
LUCY H. KOH
United States District Judge