HOGAN LOVELLS US LLP
Paul B. Salvaty (Bar No. 171507)
Stephanie K. Yonekura (Bar No. 187131)
Poopak Nourafchan (Bar No. 193379)
Samantha M. Kantor (Bar No. 275104)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California  90067
Telephone:  (310) 785-4600
Facsimile:  (310) 785-4601
paul.salvaty@hoganlovells.com
stephanie.yonekura@hoganlovells.com
poopak.nourafchan@hoganlovells.com

Attorneys for Defendant
SAFRAN IDENTITY &
SECURITY, S.A.S (formerly known as Morpho SAS)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, *ex rel.* VINCENT HASCOET and PHILIPPE PACAUD DESBOIS,<br><br>Plaintiffs,<br><br>v.<br><br>MORPHO, S.A., a/k/a SAFRAN IDENTITY & SECURITY, S.A., a French Corporation; SAFRAN GROUP, S.A., a French Corporation; and SAFRAN U.S.A., INC.<br><br>Defendants. | Case No. 5:15-cv-00746-LHK<br><br>**DEFENDANT SAFRAN IDENTITY & SECURITY, S.A.S's REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(1) AND 12(B)(6)**<br><br>DATE:  August 24, 2017<br>TIME:  1:30 p.m.<br>CTRM:  8 |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................... 1

II. RELATORS HAVE FAILED TO STATE A CLAIM FOR VIOLATIONS OF THE FALSE CLAIMS ACT ......................................... 2

    A. Relators Fail To Plead Fraud With Particularity As Required By Rule 9(b) ............................................................................................. 2

        1. The Particularity Requirements of Rule 9(b) Require More Than Mere "Notice" Of The Alleged Misconduct. .................... 3

        2. Generalized Allegations of a "Fraudulent Scheme" Do Not Satisfy Rule 9(b). ...................................................................... 5

        3. The TAC Contains No Allegation That Any Defendant Made Sales To The Government And Improperly Continues to Attribute Subsidiary's Acts to Parent. ..................................... 6

        4. Relators Continue to "Lump" All Defendants Together. ............. 8

    B. Relators Have Failed To Plead *Scienter* Under Rule 8(a). .................... 9

III. RELATORS ARE NOT THE "ORIGINAL SOURCE" OF ANY FALSE CLAIM ALLEGATIONS RELATING TO THE DEFENDANTS. ................................................................................................. 11

IV. RELATORS SHOULD NOT BE GIVEN LEAVE TO AMEND THE COMPLAINT ...................................................................................................... 13

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- i -

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................9, 10, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 550 (2007) ........................................................................................................10, 11

*Bly–Magee v. Cal.*,
  236 F.3d 1014 (9th Cir. 2001) ..................................................................................................5

*Brown v. Carrington Mortg. Servs., LLC*,
  No. CV 12-6974 PA, 2013 WL 1196868 (C.D. Cal. Mar. 25, 2013) ................. 13

*U.S. ex. rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) ............................................................................................2, 5

*U.S. ex rel. Cericola v. Fed. Nat'l. Mortg. Assoc.*,
  529 F. Supp. 2d 1139 (C.D. Cal. 2007) ...........................................................................1, 5, 6

*U.S. ex rel. Clausen v. Lab. Corp. of Am.*,
  290 F.3d 1311 (11th Cir. 2002) ...................................................................................................8

*Dole Food Co. v. Patrickson*,
  538 U.S. 468 (2003) ..................................................................................................................7

*U.S. ex rel. Driscoll v. Spencer*,
  No. 13-17624, 2016 WL 4191896 (9th Cir. Aug. 9, 2016) ............................... 4, 5

*U.S. ex rel. Ebeid v. Lungwitz*,
  616 F.3d 993 (9th Cir. 2010) ................................................................................3, 5, 6

*Eclectic Properties East, LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014) ....................................................................................................10

*U.S. ex rel. Escobar v. Universal Health Services*,
  136 S. Ct. 1989 (2016) ..............................................................................................................4

*U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*,
  792 F.3d 1121 (9th Cir. 2015) ..................................................................................................13

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- ii -

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

*U.S. ex. Rel. Hendow v. Univ. of Phoenix*,
  461 F.3d 1166 (9th Cir. 2006) .................................................................................. 9

*U.S. ex rel. Hochman v. Nackman*,
  145 F.3d 1069 (9th Cir. 1998) .................................................................................. 9

*U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*,
  498 F. Supp. 2d 25 (D.D.C. 2007) ........................................................................... 8

*U.S. ex rel. Hoggett v. Univ. of Phoenix*,
  No. 2:10-cv-02478-MCE-KJ, 2014 WL 3689764 (E.D. Cal. July 24,
  2014) ................................................................................................................ 12, 13

*U.S. ex rel. Hopper v. Anton*,
  91 F.3d 1261 (9th Cir. 1996) .................................................................................. 9

*Katzir's Floor and Home Design, Inc. v. M–MLS.com*,
  394 F.3d 1143 (9th Cir. 2004) .................................................................................. 7

*United States ex rel. Lee v. SmithKline Beecham, Inc.*,
  245 F.3d 1048 (9th Cir. 2001) .................................................................................. 5

*U.S. ex rel. McGrath v. Mircosemi Corp.*,
  140 F. Supp. 3d 885, 908 (D. Ariz. 2015) .......................................................... 8, 10

*U.S. ex rel. Modglin v. DJO Global Inc.*,
  48 F. Supp. 3d 1362 (C.D. Cal. 2014) .............................................................. 10, 11

*Neilson v. Union Bank of Cal.*,
  290 F.Supp.2d 1101 (C.D. Cal. 2003) ..................................................................... 7

*Owens v. Bank of Am., N.A.*,
  No. 11–cv–4580–YGR, 2013 WL 1820769 (N.D. Cal. Apr. 30, 2013) ............. 11

*U.S. ex rel. Pecanic v. Sumitomo Elec. Interconnect Products, Inc.*,
  No. 2012-cv-0602-L (NLS), 2013 WL 774177 (S.D. Cal. Feb. 28, 2013) ........ 7, 8

*Romero v. Countrywide Bank, N.A.*,
  740 F. Supp. 2d 1129 (N.D. Cal. 2010) .................................................................. 3

*S.E.C. v. Yuen*,
  221 F.R.D. 631 (C.D. Cal. 2004) ........................................................................ 1, 5

*U.S. ex rel. Schaengold v. Memorial Health*,
  No. 4:11-cv-58, 2014 WL 6908856 (S.D. Ga. Dec. 8, 2014) ................................. 8

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

- iii -

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

*U.S. v. N. Am. Health Care, Inc.*,
  173 F. Supp. 3d 943 (N.D. Cal. 2016) .................................................................. 12

*U.S. v. United Health Ins. Co.*,
  848 F.3d 1161 (9th Cir. 2016) ...................................................................... 5, 8, 9

*Zucco Partners, LLC v. Digimarc Corp*,
  552 F.3d 981 (9th Cir. 2009) ............................................................................ 14

**Statutes**

31 U.S.C. § 3729(b) ................................................................................................ 9

**Other Authorities**

Federal Rules of Civil Procedure
  Rule 8 ................................................................................................................ 10
  Rule 8(a) ............................................................................................. 1, 9, 11, 13
  Rule 9(b) ................................................................................................... *passim*
  Rule 12(b)(1) ..................................................................................................... 12

- iv -

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

## I. INTRODUCTION

Defendants' moving papers showed the raft of shortcomings in Relators' Third Amended Complaint ("TAC") and described in detail the ways in which Relators have failed to correct the myriad of defects in their claims which this Court identified in its Order Granting Safran USA, Inc.'s Motion to Dismiss Second Amended Complaint (Dkt. #54).[1] Rather than meaningfully respond, Relators engage in diversionary bluster, presenting a lengthy discussion about the enactment and history of the FCA, making irrelevant assertions about Defendants' alleged failure to present "evidence" to support their Motion to Dismiss, and arguing legal "principles" that are contrary to settled Ninth Circuit law. Relators' Opposition serves only to highlight the woefully deficient state of the TAC and to establish the propriety of dismissing Relators' claims with prejudice and without leave to amend.

- *First*, Relators fail to show that they have satisfied the particularity requirements of Rule 9(b) or adequately pled *scienter* (or knowledge) under Rule 8(a). Although Relators admit Rule 9(b) requires them to plead the "who, what, when, where, and how" of an FCA claim with particularity (Opp. at 6:21-22), they point to nothing in the TAC that meets these requirements. Under Ninth Circuit law, Relators' vague and generalized allegations of a fraudulent "scheme" do not come close to satisfying the requirements of Rule 9(b). S*ee, e.g., S.E.C. v. Yuen*, 221 F.R.D. 631, 636-37 (C.D. Cal. 2004); *U.S. ex rel. Cericola v. Fed. Nat'l. Mortg. Assoc.,* 529 F. Supp. 2d 1139, 1142 (C.D. Cal. 2007).

- *Second***,** Relators never grapple with the reality that the TAC alleges no facts to suggest that any Defendant submitted an actual false claim

---

[1] This Reply is being filed on behalf of Defendant Safran Identity & Security, S.A.S. (formerly known as Morpho SAS). Defendant Safran Identity & Security, S.A.S. was sold to a third party as of June 1, 2017, and is no longer an affiliate of Defendants Safran SA and Safran USA, Inc., who are now separately represented and will file a joinder, joining in this Reply.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

to the government (or even to a "recipient of federal funds") for payment. To the contrary, Relators appear to concede that the allegedly fraudulent sales were made ***not by Defendants, but by Defendants' subsidiaries***. *See* Opp. at 12:17-20 ("the TAC pleads in detail that Defendants made sales through their subsidiaries."). The Court already rejected Relators' attempt to impute liability to Defendants based on a corporate affiliation. *See* Dkt. #54 at 15-16 (holding that "multiple courts have held that FCA claims cannot be imputed from one party to the other based purely on a parent-subsidiary relationship."). Relators' total failure (again) to plead facts showing that any Defendant actually submitted a false claim for payment to the government is fatal to the TAC. *See, e.g., U.S. ex. rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1055 (9th Cir. 2011).

- ***Third,*** Relators fail to rebut Defendants' showing that they do not qualify as original sources under the FCA. Because all of Relators' allegations are lifted from public sources, they cannot prove their status as "original sources" of any allegations of fraud, which provides a separate and independent basis for dismissing the TAC.

Each of these flaws in the TAC is sufficient in itself to warrant dismissal of Relators' claims with prejudice and without leave to amend.

## II. RELATORS HAVE FAILED TO STATE A CLAIM FOR VIOLATIONS OF THE FALSE CLAIMS ACT

### A. Relators Fail To Plead Fraud With Particularity As Required By Rule 9(b).

Relators make much of the fact that they were purported "insiders" who have "direct, firsthand, and independent knowledge" of information on which their FCA

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

claims are based. Opp. at 9-11. They have now had nearly two years to develop the facts of this case and to plead a viable "whistleblower" claim. As such, they should have no trouble meeting the heightened pleading standard applicable to their fraud claims and presenting this Court with at least ***one example*** of a false claim for payment that any defendant has submitted to the government, identifying at least ***one individual*** employed by a Defendant who was involved in this alleged fraud, and describing with ***some modicum of specificity*** when, where and how the purported fraud on the government allegedly occurred. They abjectly have failed to satisfy any of these requirements, despite numerous opportunities.

### 1. **The Particularity Requirements of Rule 9(b) Require More Than Mere "Notice" Of The Alleged Misconduct.**

As Defendants showed in their Motion, and as Relators acknowledge, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charge,'" as well as what is false or misleading about the purportedly fraudulent conduct, and why it is false." Mot. at 8:22-27 (quoting *U.S. ex rel. Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)). And as this Court previously held, "an FCA plaintiff must allege, at the very least, 'particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that [false] claims were actually submitted." Dkt. #54 at 12-13 citing *Ebeid,* 616 F. 3d at 998. Rule 9(b) also requires a plaintiff to "establish a complete causal relationship between the alleged misrepresentations and the harm claimed to have resulted therefrom." *Romero v. Countrywide Bank, N.A.,* 740 F. Supp. 2d 1129, 1146 (N.D. Cal. 2010) (citation omitted).

Here, Relators do not explain what role, if any, each Defendant played in the alleged fraud, and instead continue to lump all of the Defendants together in every respect. Nor do Relators explain what role any of the individuals named in the TAC played in the contracting or sale of any products to the United States or California governments beyond the non-factual allegations that certain executives

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

visited the United States and were somehow "instrumental" to the government's decision to enter contracts with non-parties.[2] Nor do Relators address, much less distinguish, the cases showing that the Ninth Circuit routinely dismisses FCA claims that fail to allege with particularity "who" made the alleged false misrepresentations, "when" the alleged misrepresentation occurred, "where" the misrepresentations were made, "what" the false claims were made, and whether the alleged misrepresentation was material to the government's payment.

Instead, Relators argue that their allegations should be deemed sufficient because they need only to provide enough detail to "give the defendants notice of the particular misconduct . . . so that defendants can defend against the charge." Opp. at 6:16-18. But whether Relators have satisfied the particularity requirements of Rule 9(b) does not depend on whether the TAC's allegations are specific enough that Defendants can answer them.[3] As recognized by Relators' own authorities,

---

[2] In their Opposition, Relators also rely on *U.S. ex rel. Escobar v. Universal Health Services,* 136 S. Ct. 1989 (2016), for the proposition that when a defendant submits a claim for payment to the government, it impliedly certifies compliance with regulatory, statutory and contractual requirements, and non-compliance with any of those requirements renders the claim "false" even if defendant made no explicit false statement. Opp. at 3:21-27. In *Escobar,* the Supreme Court held that a misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be ***material*** to the Government's payment decision in order to be actionable under the FCA. 136 S. Ct. at 2001. It requires a showing that the government ***actually would deny claims*** if it knew about the violation, not just that the defendant violated a requirement designated as a condition of payment, or that the government has the option not to pay because of the violation. *Id.* at 2003. The plaintiff also must show that the defendant ***knew***, through actual knowledge or the reasonable person standard, that the government would not pay the claim if informed of the violation. *Id.* at 2003-04. Here, Relators have not even alleged enough to bring *Escobar* into play because: (1) Relators have failed to allege any false claim, thus materiality cannot even be evaluated; and (2) as demonstrated in the Motion, software and technology can incorporate pieces of foreign software and technology and still be deemed to have been made in the United States. *See* Mot. at 16:19-18:2.

[3] Relators rely on the unpublished case, *U.S. ex rel. Driscoll v. Spencer*, No. 13-17624, 2016 WL 4191896 (Mem) (9th Cir. Aug. 9, 2016), for the proposition that they need only allege facts specific enough "to allow defendants to answer them and state a defense." Opp. at 7:21-22:2. But the facts in *Driscoll* are inapposite. Unlike here, in *Driscoll*, the court found that the first amended complaint provided "several detailed, representative examples of [the] alleged misconduct," including specific individuals who carried out the fraud, and specific dates on which the fraud occurred, by a relator who had personal knowledge of

- 4 -

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

while Relators' allegations "may be sufficient" to enable a defendant to defend against a charge, they are insufficient to show the allegations against these defendants have a "factual basis," which is necessary to pleading a viable claim under the FCA. *U.S. v. United Health Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) ("Swoben"), *citing Bly–Magee v. Cal.,* 236 F.3d 1014, 1018-19 (9th Cir. 2001). Here, as in *Swoben,* Relators provide no details whatsoever to link any particular Defendant to any fraudulent scheme or to explain what role any particular Defendant played in any alleged fraud. Their allegations are woefully deficient under Rule 9(b). *See Swoben*, 848 F. 3d at 1182 (holding that with respect to the allegations against defendants Aetna, WellPoint and Health Net, the complaint offers only broad allegations lacking particularized supporting details)*; see also Cafasso*, 637 F.3d at 1057 (holding the complaint failed to satisfy Rule 9(b) where the allegations were lacking in detail); *United States ex rel. Lee v. SmithKline Beecham, Inc*., 245 F.3d 1048, 1051 (9th Cir. 2001) (holding a "broad claim" with "no factual support" was insufficient to satisfy Rule 9(b)).

### 2. **Generalized Allegations of a "Fraudulent Scheme" Do Not Satisfy Rule 9(b).**

Rather than plead fraud with particularity, Relators rely again on generalized allegations of an amorphous "fraudulent scheme." Opp. at 6:11-15, *citing Ebeid*, 161 F. 3d at 998-999. But controlling law precludes Relators from generally asserting a "complex fraudulent scheme" to "get around the stringent pleading requirements of 9(b)." *Yuen,* 221 F.R.D. at 636-37; *Cericola,* 529 F. Supp. 2d at 1142 (motion to dismiss granted where allegations were "devoid of the requisite particularity required under the Rule 9(b) pleading standard" because complaint alleged "only a vague scheme to submit false claims to HUD to obtain insurance

---

defendants' practices because he was a part of defendants' operation. *Driscoll*, 2016 WL 419186, at *1. These examples, while not sufficient in themselves, were enough for the court to grant relator another opportunity to amend his complaint. *Id.* No such specificity exists in the TAC here, nor do Relators identify any. Here, Relators have pled no claim, no detail and no specifics, and they have pled no facts to support any personal knowledge for Defendants' practices.

1  reimbursement for non-qualifying loans.").[4]

2        The Ninth Circuit's decision in *Ebeid* refutes, rather than supports, Relators'
3  position. In *Ebeid*, the Court held that, under Rule 9(b), a relator is not necessarily
4  required to identify "representative examples of false claims to support every
5  allegation," but still must allege "***particular details of a scheme to submit false***
6  ***claims paired with reliable indicia that lead to a strong inference that claims were***
7  ***actually submitted.***" *Ebeid*, 616 F.3d at 998-999 (emphasis added). Even under
8  this standard, "Rule 9(b) still requires [Relators] to plead the fraud with some level
9  of specificity," including "enough detail to give [Defendants] notice of the
10 particular misconduct which is alleged to constitute the fraud," as well as
11 "reasonable indicia that false claims were actually submitted," and this still includes
12 pleading the "who, what, when, where, and how" of each Defendant's allegedly
13 false claims. *Id.* (emphasis added) (citation omitted). Relators' allegations fail to
14 satisfy this standard because, as in *Ebeid*, where the Ninth Circuit affirmed
15 dismissal of the complaint for failure to plead fraud with particularity, Relators
16 assert only vague conclusions, without alleging any facts as to what any Defendant
17 supposedly did or as to the "who, what, when, where, and how" of any alleged false
18 claim. *Id.* The total absence of these essential facts renders Relators' FCA claim
19 defective and subject to dismissal under Rule 9(b). *Ebeid*, 616 F.3d at 1000.

      **3.**      **The TAC Contains No Allegation That Any Defendant Made Sales To The Government And Improperly Continues to Attribute Subsidiary's Acts to Parent.**

      Notably, the TAC contains no allegation that any Defendant made any sales to the government, and by Relators' own admission, at most, the TAC alleges only

---

[4]   In reaching this conclusion, the Court noted that there was "absolutely no mention of any actual loans, or any specific description of types of loans, allegedly submitted to the government," and that, as a result, the allegations amounted to nothing more than a conclusory assertion that Fannie Mae "must have been engaged in fraudulent activity" because it participated in the relevant market and the pertinent government program. *Cericola*, 529 F. Supp. 2d at 1146.

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

that "***Defendants made sales through their <u>subsidiaries</u>*** Morpho Trak and Morpho Trust to… Lockheed Martin, who in turn sold Defendants' equipment to the government."  Opp. at 12:17-20 (emphasis added); *see also* TAC ¶ 9 ("each Safran Defendant worked at the direction of Safran, S.A. and each other Safran Defendant, to injure the United States and the State of California," acting "by and through their agents, subsidiaries, and managerial employees.").[5]  Relators' apparent admission that the named Defendants did not actually make any allegedly false claims is fatal to the TAC.  This Court previously held that FCA claims cannot be imputed from one entity to another based purely on a parent-subsidiary relationship, (Dkt. #54 at 15-16), and also previously rejected Relators' attempts to excuse their pleading shortcomings based on Defendants' "complicated" corporate structure, holding that the "complicated nature of Safran Global's corporate structure does not excuse the requirements of Rule 9(b)."  Dkt. #54 at 17.

This Court's holding is consistent with Ninth Circuit law, which makes clear that "[a] parent company is presumed to have an existence separate from its subsidiaries," *Neilson v. Union Bank of Cal.*, 290 F.Supp.2d 1101, 1116 (C.D. Cal. 2003), and that "[t]he mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law." *Katzir's Floor and Home Design, Inc. v. M–MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004) (citing *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003)).  Thus, in order to avoid dismissal of their FCA claims, Relators must allege with particularity that each entity played a role in the submission of a false claim or statement.  *U.S. ex rel. Pecanic v. Sumitomo Elec. Interconnect Products, Inc.*, No. 2012-cv-0602-L (NLS), 2013 WL 774177, at *5 (S.D. Cal. Feb. 28, 2013) (dismissing relator's FCA

---

[5] Even assuming that, as Relators contend, in the "post-FERA" era (which was enacted May 20, 2009), sales to the ***government's*** subcontractors or subsidiaries fall within the ambit of the FCA (Opp. at 12:9-16), this change in the law still does not allow an FCA claim to proceed against a ***parent*** based solely on the conduct of ***its subsidiary***.  *See* Opp. at 12:17-20 ("The TAC pleads in detail that Defendants made sales through their subsidiaries Morpho Trak and Morpho Trust…to Lockheed Martin, who in turn sold Defendants' equipment to the government…").

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

claim where he failed to properly allege parent corporation's role in the submission of false claims or statements); *U.S. ex rel. McGrath v. Mircosemi Corp.*, 140 F. Supp. 3d 885, 908 (D. Ariz. 2015). *See also U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 59-60 (D.D.C. 2007) (holding that a parent corporation is not liable for its subsidiary's FCA violation). Because the TAC is devoid of any factual allegation that any particular Defendant actually submitted a false claim for payment or was directly involved in causing such a submission to occur, there is no actionable claim under the FCA. *U.S. ex rel. Schaengold v. Memorial Health*, No. 4:11-cv-58, 2014 WL 6908856 at *14 (S.D. Ga. Dec. 8, 2014), *citing U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1311 (11th Cir. 2002).

### 4.  **Relators Continue to "Lump" All Defendants Together.**

Relators also fail to address Defendants' argument that, despite this Court's prior admonition against "lumping," the TAC continues to do just that—it asserts only generalized allegations against all Defendants, treating them as a single mass and failing to plead any specific facts to suggest that any Defendant did anything wrong. Mot. at 10-13. Unable to rebut Defendants' arguments or case law, Relators instead cite to a single sentence in *Swoben* in order to prove that "lumping" of Defendants is allowed. They claim: "There is no flaw in a pleading, . . . where, as here, collective allegations are used to describe the actions of multiple defendants who are alleged to have engaged in ***precisely the same conduct***." Opp. at 8:17-21 (emphasis added). But their reasoning does not apply because there are no factual allegations concerning any fraudulent conduct by any Defendant, let alone any factual allegations to suggest that all Defendants engaged in the same misconduct. Instead, Relators seek to hold all Defendants liable based purely on their corporate affiliations with other companies who are not named as defendants in the case and whose own role in the allegedly fraudulent scheme is also undefined. Each Defendant has a different connection to the non-defendants

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

1  MorphoTrust and MorphoTrak who appear to be the focus of Relators' allegations,
2  and no Defendant is alleged to have engaged in the same conduct as any other
3  Defendant, whether fraudulent or otherwise.  As with prior Ninth Circuit decisions,
4  the *Swoben* Court recognized that "Rule 9(b) does not allow a complaint to merely
5  lump multiple defendants together but requires plaintiffs to differentiate their
6  allegations when suing more than one defendant and inform each defendant
7  separately of the allegations surrounding his alleged participation in the fraud."
8  *Swoben*, 848 F.3d at 1184.

### B. Relators Have Failed To Plead *Scienter* Under Rule 8(a).

Relators' allegations also do not meet the "knowledge" requirement of the FCA, which defines "knowing" as having actual knowledge of information, or acting in either deliberate ignorance or reckless disregard of the information's truth or falsity.  31 U.S.C. § 3729(b).  Congress amended the FCA to include this definition to make "firm . . . its intention that the act not punish honest mistakes or incorrect claims submitted through mere negligence."  *U.S. ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1073 (9th Cir. 1998) (citation omitted).  The Ninth Circuit has further elaborated on the "central importance of the *scienter* element to liability under the False Claims Act," holding that "it must be an intentional, palpable lie," and that "scienter (*i.e.*, with knowledge of the falsity and with intent to deceive) must exist." *U.S. ex. Rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1171-72 (9th Cir. 2006), *citing U.S. ex rel. Hopper v. Anton*, 91 F.3d 1261, 1265 (9th Cir. 1996).

While Rule 9(b) allows a plaintiff alleging fraud to plead knowledge generally, it does not give the plaintiff "license to evade the less rigid—though still operative—strictures of Rule 8," which require pleading facts that give rise to a ***plausible*** claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009).  "Plausibility" requires more than "legal conclusions and threadbare recitals of a cause of action."  *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

F.3d 990, 998 (9th Cir. 2014) (quotation and citation omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *U.S. ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1384 (C.D. Cal. 2014) (the court need not accept as true "unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.").

Relators' failure to meet this pleading standard is evidenced by their unfounded contention that they have pled "their qui tam case with extraordinary particularity," thus satisfying Rule 8. Opp. at 7:10-11; *see also* Opp. at 12:27-13:5, citing TAC ¶ 9. Apparently, Relators hope that a formulaic recitation of the knowledge element of an FCA violation (*see* TAC ¶¶ 9, 19, 23, 24, 29) is sufficient to meet the obligation to plead facts showing knowledge of fraud. It is not. The TAC must also allege facts—not labels or conclusions—sufficient to show that Defendants had knowledge that the claims or statements were false when submitted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 550, 555 (2007) ("'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citation omitted). Here, Realtors' non-factual allegation that Robert Eckel, the CEO of non-party MorphoTrust, made a "knowingly false" certification (TAC ¶ 29) is insufficient to plead falsity on the part of any Defendant.[6] *See* Opp. at 13:9-12; *see also, e.g., McGrath*, 140 F. Supp. 3d at 909 (scienter not sufficiently alleged where the complaint failed to identify a single employee of defendant who allegedly certified ITAR compliance, much less that that person knew of or recklessly disregarded the basis for Relator's claim of ITAR violations). Although the knowledge or *scienter* element of a fraud claim need not be pleaded with particularity, it "must still be pleaded sufficiently to make

---

[6] Although Relators name three Safran S.A. executives in the TAC, they do not allege that any of them played any role in the contracting or sale of any products to the government—instead, the executives allegedly failed to act by keeping "secret from representatives of the United States and the State of California the Russian origin of the subject fingerprint identification algorithms." TAC ¶ 19.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

entitlement to relief plausible." *Modglin,* 48 F. Supp. 3d at 1388, 1406 (the lone allegation in the complaint that defendants "knew that they were falsely and/or fraudulently claiming reimbursement" is too conclusory to plead a plausible claim for relief under Rule 8(a), *Iqbal*, and *Twombly*).  *See also Owens v. Bank of Am., N.A.*, No. 11–cv–4580–YGR, 2013 WL 1820769 at *4 (N.D. Cal. Apr. 30, 2013) (dismissing complaint and holding that "allegations that BANA 'knew or should have known' that its representations were false, and that it had no intention to perform, are conclusory and insufficient to state a plausible claim for fraud under the *Twombly* standard").  For these reasons, Relators' allegations fail to meet the pleading requirements or Rule 8(a).

### III.   RELATORS ARE NOT THE "ORIGINAL SOURCE" OF ANY FALSE CLAIM ALLEGATIONS RELATING TO THE DEFENDANTS.

In their Motion, Defendants demonstrated that Relators are not the "original source" of any false claim relating to Defendants because Relators' allegations against Defendants have been publicly disclosed on Defendants' or other government websites.  Mot. at 22-24.  To support this argument, Defendants presented the Court with direct comparisons between the allegations in the TAC, and publicly available information on the Internet.  Mot. at 23-24 (comparing for example, TAC ¶ 14 *and* RJN Ex. E; TAC ¶ 23 *and* RJN, Ex. F; TAC ¶ 28 *and* RJN Ex. H; TAC ¶ 29 *and* RJN, Ex. J; TAC ¶ 23, 25, 28 *and* RJN Exs. J, K; TAC ¶ 25 *and* RJN Ex. L; TAC ¶ 27 *and* RJN Ex. M).

Relators do not refute any of these points in their Opposition.[7]  They apparently concede that their central allegations concerning Defendants, the Lockheed Martin contract, the Bio-Key International contract, and the details of the Blanket Purchase Agreement between the Department of Justice and non-party

---

[7]   Relators did not file objections to Defendants' Request for Judicial Notice or any of the exhibits therein.  Instead, they improperly attempt to object to certain exhibits through their declarations, which go beyond the bounds of permissible evidence at the motion to dismiss stage.  *See* Evidentiary Objections, filed concurrently herewith.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

MorphoTrust, among other things, were all derived from publicly available sources.

The only allegedly non-public information that Relators claim to have "disclosed" is the existence of the Sagem-Papillon Agreement, which they contend "makes clear" that "the Morpho software is Russian technology." TAC ¶ 20. This generic and conclusory allegation does not come close to establishing that Relators are the "original source" of information to support an FCA claim. To qualify as an "original source," Relators would need to plead independent knowledge of facts directly connecting *each Defendant* to the Sagem-Papillon Agreement, connecting *each Defendant* to the manufacturing of fingerprint technology products, and connecting *each Defendant* to the sale of fingerprint identification products to governmental entities. Relators have satisfied none of these requirements.

Even in this fourth iteration of Relators' complaint, the connection between Relators' FCA claims and the Sagem-Papillon Agreement remains unclear, unexplained and entirely speculative. *See* FAC ¶¶ 18, 19, 21, 23-29; Mot. at 4:5-5:10. Notably, Relators admit that no Defendant directly entered into any contract with any government agency for the sale of fingerprint technology. Opp. at 12:17-23. And, the only allegations that non-parties MorphoTrak and MorphoTrust entered into contracts for fingerprint identification products, with Lockheed Martin and the Department of Justice, respectively, are pulled directly from public sources. Thus, Relators have failed to plead any fact that connects any named Defendant to any fraudulent statement, claim for payment, or even to a government contract, let alone to the Sagem-Papillon Agreement. Because all of the TAC's "facts" relating to Defendants are publicly available, Relators' claims against Defendants also are subject to dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *See, e.g., U.S. v. N. Am. Health Care, Inc.*, 173 F. Supp. 3d 943, 949-50 (N.D. Cal. 2016); *U.S. ex rel. Hoggett v. Univ. of Phoenix,* No. 2:10-cv-02478-MCE-KJ, 2014 WL 3689764, at *10-11 (E.D. Cal. July 24, 2014).

Unable to deny that all of their allegations regarding Defendants are generic

in nature and were taken directly from public sources, Relators rely on *U.S. ex rel. Hartpence v. Kinetic Concepts*, *Inc.*, 792 F.3d 1121 (9th Cir. 2015), to argue that a relator need not have had a hand in the public disclosure of the fraud in order to qualify as an "original source." Opp. at 8:23-9:14. But this reliance is misplaced for two reasons. First, *Hartpence* arguably only applies to cases filed prior to 2010. Second, even if its holding were applicable to this case, the Ninth Circuit still requires the relator to show that "he has direct and independent knowledge of the information on which the allegations in his court-filed complaint are based," a standard which Relators have not met—and cannot meet—with respect to any Defendant. *Hartpence*, 792 F.3d at 1128.

### IV. RELATORS SHOULD NOT BE GIVEN LEAVE TO AMEND THE COMPLAINT

The TAC should be dismissed with prejudice. In granting Safran USA, Inc.'s motion to dismiss, the Court previously held that Relators' "failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Relators' deficient claims and deficient prayer for damages." *See* Dkt. #54 at p. 24. Relators have had nearly two years to plead a valid claim for relief, yet the TAC still fails to identify a single false claim that Defendants submitted to the government for payment, lacks the particularity required under Rule 9(b), and fails to meet the plausibility requirement of Rule 8(a). The only allegations specific to Defendants were taken from public websites. Moreover, Relators have offered nothing to suggest that they possibly could cure the deficiencies in the TAC if given leave to amend (nor do they argue that leave to amend should be granted). Accordingly, the TAC should be dismissed with prejudice and without leave to amend. *Brown v. Carrington Mortg. Servs., LLC*, No. CV 12-6974 PA (MRWx), 2013 WL 1196868, at *2-4 (C.D. Cal. Mar. 25, 2013) (granting defendant's motion to dismiss fraud claim without leave to amend noting that after three complaints, the plaintiff failed "to meet the heightened pleading standard of Rule 9(b)" and did

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK

1  not allege viable claims for relief); *see also Zucco Partners, LLC v. Digimarc Corp,*
2  552 F.3d 981, 1007 (9th Cir. 2009) ("The fact that [plaintiff] failed to correct these
3  deficiencies in its Second Amended Complaint is a strong indication that the
4  plaintiffs have no additional facts to plead. . . . [I]t was clear that the plaintiffs had
5  made their best case and had been found wanting.") (quotation and citation
6  omitted).

Dated:    June 16, 2017                HOGAN LOVELLS US LLP

                                       By: /s/ Paul B. Salvaty
                                           Paul B. Salvaty
                                           Stephanie K. Yonekura
                                           Poopak Nourafchan
                                           Attorneys for Defendant
                                           Safran Identity & Security SAS,
                                           (formerly known as Morpho SAS)

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 5:15-CV-00746-LHK