HOGAN LOVELLS US LLP
Paul B. Salvaty (Bar No. 171507)
Stephanie K. Yonekura (Bar No. 187131)
Poopak Nourafchan (Bar No. 193379)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
paul.salvaty@hoganlovells.com
stephanie.yonekura@hoganlovells.com
poopak.nourafchan@hoganlovells.com

Attorneys for Defendant
SAFRAN IDENTITY &
SECURITY, S.A.S (formerly known as Morpho SAS)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, *ex rel.* VINCENT HASCOET and PHILIPPE PACAUD DESBOIS,<br><br>Plaintiffs,<br><br>v.<br><br>MORPHO, S.A., a/k/a SAFRAN IDENTITY & SECURITY, S.A., a French Corporation; SAFRAN, S.A., a/k/a SAFRAN GROUP, S.A., a French Corporation; and SAFRAN U.S.A., INC., a California corporation,<br><br>Defendants. | Case No. 5:15-cv-00746-LHK<br><br>**DEFENDANT SAFRAN IDENTITY & SECURITY, SAS's EVIDENTIARY OBJECTIONS TO DECLARATIONS OF PHILLIPE PACAUDE DESBOIS AND VINCENT HASCOET** |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

EVIDENTIARY OBJECTION TO RELATORS'
DECLARATIONS
CASE NO. 5:15-CV-00746-LHK

## I. INTRODUCTION

Defendants Safran, S.A. ("Safran") (erroneously identified as "Safran Group, S.A."), Safran Identity & Security, S.A.S. (formerly known as "Morpho, S.A.S.") ("Safran Security"), and Safran U.S.A., Inc., ("Safran USA"), (collectively, "Defendants")[1] object to the declarations submitted by Relators Vincent Hascoet and Philippe Pacaud Desbois (collectively "Relators") in support of their Opposition to Defendants' Motion to Dismiss Third Amended Complaint (herein referred to as "Declarations").  As set forth below, Relators offer conclusory statements that lack foundation because they are not supported by any facts or personal knowledge; they present improper opinion testimony as a legal conclusion; and they generally make irrelevant statements that are not of consequence to the determination of any fact in this action.   As such, the Declarations should not be considered by the Court when deciding Defendants' motion to dismiss.

## II. RELATORS' DECLARATIONS DO NOT PROVIDE FACTS RELEVANT TO WHETHER THE COURT HAS JURISDICTION OVER THIS CASE PURSUANT TO RULE 12(b)(1)

False Claims Act cases are subject to dismissal under Rule 12(b)(1) of the Federal Rule of Civil Procedure if the relators do not qualify as an original source of the allegations. 31 U.S.C. § 3730(e)(4); *see also U.S. ex. rel. Biddle v. Board of Trustees of Leland Stanford, Jr. University.*, 161 F.3d 533, 540 (9th Cir. 1998) (if Relators are not the original source of the allegations, the Court lacks subject matter jurisdiction).  A motion to dismiss pursuant to Rule 12(b)(1) may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004).  In the case of a factual attack, "no

---

[1] These objections are being filed on behalf of Defendant Safran Identity & Security, S.A.S. (formerly known as Morpho SAS).  Defendant Safran Identity & Security, S.A.S. was sold to a third party as of June 1, 2017, and is no longer an affiliate of Defendants Safran SA and Safran USA, Inc., who are now separately represented and will file a joinder, joining in these evidentiary objections.

presumptive truthfulness attaches to [relators'] allegations." *Thornhill Publishing Co. v. General Telephone and Electronics Corp.*, 594 F. 2d 730, 733 (9th Cir. 1979). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court," as Defendants have done here in connection with their original source defense, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004).

Whereas evidence relating to the issue of subject matter jurisdiction, like Defendants' declarations and Request for Judicial Notice,[2] may be considered by the Court in ruling on a motion brought pursuant to Rule 12(b)(1), the Declarations submitted by Relators provide no facts relating to their status as the "original source" of any information that supports their False Claims Act claims beyond their unsupported, self-serving statement that they are original sources. *See* Declarations, ¶ 16. For the most part, the Declarations appear to be an improper attempt to try to bolster the merits of their claims, before the sufficiency of the claims has been established. The Relators have presented only unsupported allegations and conclusory statements, none of which are admissible as a factual basis to support Relators' arguments. *See, e.g., Smith v. Pacific Bell Telephone Co.*, 662 F. Supp. 2d 1199, 1216-1223 (E.D. Cal. 2009) (sustaining objections to declaration that contained statements that "had nothing to do with issues" in the case, were not based on personal knowledge, constituted inadmissible hearsay, and offered improper opinion testimony); *Kelly v. U.S. Bank*, 2010 WL 4135028, at *3 (D. Or. July 29, 2010) (striking declaration that was composed entirely of unsupported allegations and conclusory statements, none of which were admissible as a factual

---

[2] As part of Defendants' Motion to Dismiss Third Amended Complaint, Defendants submitted a Request for Judicial Notice of several publically available documents to demonstrate that Relators are not the "original source" of the allegations in the TAC. Notably, Relators did not file objections to Defendants' RJN.

basis for party's position).  The Declarations are further objectionable because they present legal conclusions cast in the form of factual allegations, as well as other statements that have no bearing on the original source question.  Thus, Relators' Declarations serve only to highlight the deficiencies in the TAC, their lack of personal knowledge about the allegations against Defendants, and their inability to plead or prove a viable FCA claim.

### III. THE COURT MAY NOT CONSIDER FACTS BEYOND THE ALLEGATIONS IN THE COMPLAINT IN DECIDING A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) .

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *White v. Social Security Admin.*, 111 F. Supp. 3d 1041, 1048 (N.D. Cal. 2015), *citing Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). There are two exceptions to this rule: (1) for materials properly submitted as part of the complaint, and (2) for judicially noticed facts, neither of which apply to Relators' Declarations. *Ibid.*  Accordingly, for this reason as well, the Court should not consider the Declarations in connection with Defendants' Motion to Dismiss the FAC under FRCP 12(b)(6).

### IV. PORTIONS OF RELATORS' DECLARATIONS ARE INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE

The Declarations submitted by Relators are further objectionable because they fail to conform to the requirements set forth in Northern District Local Rule 7-5(b) which states:

> An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

As demonstrated by the specific objections set forth below, the Declarations fail to meet both this District's admissibility requirements as well as the admissibility requirements of the Federal Rules of Evidence because they contain conclusory statements that are not supported by facts, are not based on Relators' personal knowledge, and offer improper opinion testimony as a legal conclusion.

The Declarations are identical in most material respects, therefore each objection applies equally to both Declarations.

| OBJ. # | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION |
|---|---|---|
| 1. | Declaration ¶ 3:27-28<br><br>I have read the fact allegations made by Defendants in their latest motion to dismiss and present this Declaration to rebut several of the allegations that simply are untrue. | Relevance (FRE 401, 402, 403); Lacks personal knowledge/ foundation (FRE 602); Improper opinion testimony as to a legal conclusion (FRE 701). |
| 2. | Declaration ¶ 4:1-2<br><br>Almost all the documents provided in Defendants' Request for Judicial Notice relate to a later period than the period when related facts took place. | Lacks personal knowledge/ foundation (FRE 602). |
| 3. | Declaration ¶ 4a:4-5<br><br>Defendants' reference to the article *The FBI Awards Lockheed Martin Biometric Card Scanning Services* | Relevance (FRE 401, 402); Lacks personal knowledge/foundation (FRE 602); Improper opinion testimony as to a legal conclusion (FRE 701). |

| OBJ. # | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION |
|---|---|---|
|  | *Contract* (RJN Exh. J) is misleading. |  |
| 4. | Declaration ¶ 4a:5-7<br><br>The FBI's $1 billion (USD) contract indeed was awarded to Lockheed, which in turn decided to use Morpho's (now SIS') fingerprints recognition algorithms. | Relevance (FRE 401, 402); Lacks personal knowledge/foundation (FRE 602); Best Evidence Rule (FRE 1002). |
| 5. | Declaration ¶ 4a:7-10<br><br>Accordingly, the declarations of Ms. Abrial and Mr. Charvin … are misleading, as they obviously are referring solely to direct sales contracts. | Relevance (FRE 401, 402, 403); Lacks personal knowledge/foundation (FRE 602); Improper opinion testimony as to a legal conclusion (FRE 701). |
| 6. | Declaration ¶ 4a:10-11<br><br>Safran and Morpho engaged in indirect sales to the United States and to the State of California through Lockheed Martin. | Relevance (FRE 401, 402); Lacks personal knowledge/ foundation (FRE 602). |
| 7. | Declaration ¶ 4a:11-13<br><br>Defendants' false claim about the country of origin of their fingerprint | Improper opinion testimony as to a legal conclusion (FRE 701); Lacks personal knowledge/foundation |

| OBJ. # | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION |
|---|---|---|
|  | identification technology carried through to indirect sales as well as direct sales. | (FRE 602). |
| 8. | Declaration ¶ 4b:15-17<br><br>Bio-Key has been used by Safran and Morpho for integrating Safran's Russian algorithms, here again to make sure there would be no direct contact between Morpho and the FBI, that could have revealed the real origins of these algorithms. | Relevance (FRE 401, 402); Lacks personal knowledge/foundation (FRE 602). |
| 9. | Declaration ¶ 4c:19-20<br><br>The LinkedIn biographical profile of Frank Barret (RJN Exh. 0) has been altered. | Relevance (FRE 401, 402); Lacks personal knowledge/ foundation (FRE 602); Best Evidence Rule (FRE 1002). |
| 10. | Declaration ¶ 4c:20-24<br><br>Mr. Barret's position when he had been in charge of the French team that integrated the Russian algorithms into Morpho's fingerprint recognition system. While working for Morpho in France, in the Main | Relevance (FRE 401,402, 403); Lacks personal knowledge/ foundation (FRE 602). |

| OBJ. # | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION |
|---|---|---|
|  | Research and Development center, he was in charge of a team of 20 engineers and acted as project manager for integrating the Papillon Russian algorithms into the Morpho AFIS. |  |
| 11. | Declaration ¶ 5:1-3.<br><br>Because Ms. Stephane Abrial and Mr. Yves Charvin began working at Safran after the false claim regarding country of origin was initiated, they are not in a position to have personal knowledge of the real truth about the false claim. | Lacks personal knowledge/ foundation (FRE 602). |
| 12. | Declaration ¶ 5:3-6.<br><br>These two Safran executives who provide the declarations in support of Defendants' motion to dismiss did not even work at Safran at the time of the relevant facts, and are based in the U.S., with no access to the French headquarters' secrets. | Lacks personal knowledge/ foundation (FRE 602); Best Evidence Rule (FRE 1002). |
| 13. | Declaration ¶ 6:6-9<br><br>The people on that list [of Safran | Relevance (401, 403); Lacks personal knowledge/ foundation (FRE 602); Hearsay |

| OBJ. # | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION |
|---|---|---|
|  | employees] who are in a position to confirm whether the integration of the Papillon (Russian) algorithms into Morpho's fingerprint recognition system was a closely guarded secret, kept from all customers. | (FRE 801, 802). |
| 14. | Declaration ¶ 6:11-13<br><br>Jean-Paul Jainsky…knows the story of the cover-up about since the beginning and he also participated in selling this technology to the FBI. | Relevance (FRE 401, 402, 403); Lacks personal knowledge/ foundation (FRE 602); Best Evidence Rule (FRE 1002). |
| 15. | Declaration ¶ 6:15-16<br>Francois Perrachon. …knows the story since the beginning and also participated in selling this technology to the FBI. See https://www.linkedin.com/in/fran%C3%A7ois-perrachon-bab89587/. | Relevance (FRE 401,402, 403); Lacks personal knowledge/ foundation (FRE 602); Best Evidence Rule (FRE 1002). |
| 16. | Declaration ¶7:20-21<br><br>I…was not allowed to engage in the selling of AFIS in Russia due to the non-competition agreement that was made with Papillon at the time of | Relevance (FRE 401,402, 403); Lacks personal knowledge/ foundation (FRE 602). |

| OBJ. # | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION |
|---|---|---|
|  | signing the technology licensing agreement. |  |
| 17. | Declaration ¶ 7:22-23. Such agreement split the market, with Russia and other CIS countries reserved to Papillon and the U.S. market reserved to Safran/Morpho. | Relevance (FRE 401, 402, 403); Lacks personal knowledge/ foundation (FRE 602). |
| 18. | Declaration ¶ 9:27. Philippe Pacaud Desbois…was in charge of AFIS sales all over the world. | Relevance (FRE 401, 402). |
| 19. | Declaration ¶ 10:1-4. The fact that the AFIS sold to the US and state of California is of Russian origin was confirmed by Frank Barret, who explained to Relators that the AFIS he was helping to sell to the California Police at the time of his arrival in the U.S. was the exact same one for which he had supervised the integration of the Russian algorithms when he was working for | Lacks personal knowledge/ foundation (FRE 602); Hearsay (FRE 801). |

| OBJ. # | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION |
|---|---|---|
|  | Morpho in France. |  |
| 20. | Declaration ¶ 11:6-8.<br><br>The collaboration between Morpho Trak and Lockheed Martin for selling the AFIS to the FBI is of public knowledge and was organized in order to avoid direct contact between Safran and the FBI, making this an indirect sale rather than a direct sale. | Relevance (FRE 401, 402, 403); Lacks personal knowledge/ foundation (FRE 602). |
| 21. | Declaration ¶ 11:8-11.<br><br>On information and belief, Safran/Morpho management felt they would be immune from the consequences of their false claim if they sold the AFIS via indirect sales through a subsidiary or a third party rather than via direct sales. | Lacks personal knowledge/ foundation (FRE 602).<br><br>*See, e.g.*, *Les Fields/C.C.H.I. Ins. Serv. V. Hines,* 2016 WL 6873459, at *4 (N.D. Cal. Nov. 22, 2016) (court may not treat allegations pleaded on "information and belief" as evidence). |
| 22. | Declaration ¶ 12:12-13.<br><br>Structure: Safran is the mother company of SIS (previously Morpho). All Safran subsidiaries in the US are 100% owned by Safran. | Relevance (FRE 401, 402, 403); Lacks personal knowledge/ foundation (FRE 602). |

| OBJ. # | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION |
|---|---|---|
| 23. | Declaration ¶ 13:14-15.<br><br>At no time was the FBI informed of the Russian original origin of the AFIS algorithms. | Relevance (FRE 401, 402, 403); Lacks personal knowledge/ foundation (FRE 602). |
| 24. | Declaration ¶ 13:14-15.<br><br>The secret on the origins of the AFIS algorithms was well kept by Safran at Russian and French headquarters levels, such that, until the arrival of Frank Barret, absolutely no one in the U.S. subsidiaries of Safran knew about the Russian origin of the AFIS algorithms. | Relevance (FRE 401, 402, 403); Lacks personal knowledge/ foundation (FRE 602). |
| 25. | Declaration ¶ 14:18-19.<br><br>My Co-Relator and I are not "lumping" the defendants together but making the description of a complex international fraud scheme. | Improper opinion testimony as to a legal conclusion (FRE 701). |
| 26. | Declaration ¶ 15:20-22.<br><br>Papillon research is made by ex-military personnel in Russia. All development and source code | Relevance (FRE 401, 402, 403); Lacks personal knowledge/ foundation (FRE 602). |

| OBJ. # | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION |
|---|---|---|
|  | programming was performed in Russia, such that only the software was made executable in France and the final preparation for sale was the only action performed in the US. |  |
| 27. | Declaration ¶ 16.<br><br>My Co-Relator and I are original sources. | Relevance (FRE 401, 402, 403); Improper opinion testimony as to a legal conclusion (FRE 701). |

Dated: June 16, 2017

HOGAN LOVELLS US LLP

By: /s/ Paul B. Salvaty
Paul B. Salvaty
Stephanie K. Yonekura
Poopak Nourafchan
Attorneys for Defendant
Safran Identity & Security, S.A.S