United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAFRAN GROUP, S.A., et al.,<br><br>Defendants. | Case No. 15-CV-00746-LHK<br><br>**ORDER GRANTING IN PART DEFENDANT SAFRAN SECURITY'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 99 |

On August 25, 2017, the Court granted Defendants' motion to dismiss Relators' third amended complaint with prejudice. ECF No. 85. Before the Court is a motion for attorneys' fees filed by Defendant Morpho, S.A. a.k.a. Safran Identity & Security, S.A. ("Safran Security"). ECF No. 99-1 ("Mot."). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS in part Safran Security's motion for attorneys' fees.

I. **BACKGROUND**

A. **Factual Background**

The facts of this case are set out in detail in this Court's order granting Defendants' motion to dismiss Relators' third amended complaint with prejudice. They are briefly summarized as relevant here.

1

Case No. 15-CV-00746-LHK
ORDER GRANTING IN PART DEFENDANT SAFRAN SECURITY'S MOTION FOR ATTORNEYS' FEES

This case is a *qui tam* action under the federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, and the California False Claims Act ("California FCA", Cal. Gov't Code § 12651 *et seq.* Relators Vincent Hascoet and Phillipe Desbois (collectively, "Relators") sued Defendants Safran Group, S.A. ("Safran Global"), Safran Security, and Safran U.S.A., Inc. ("Safran USA") (collectively, "Defendants") under the FCA and California FCA on behalf of the United States and California. Relators are former employees of Defendants, and Relators brought this action to recover on fraudulent claims for payment that Defendants allegedly submitted to the United States and California.

Specifically, Relators' claims against Safran Security were based on three allegations. First, Relators alleged that Safran Security sold fingerprint identification products that it created to the United States and California, and that Safran Security "falsely claimed that the algorithms used in such fingerprint identification technology was, and is, *French* technology," when in fact it was "prohibited *Russian* technology." TAC ¶ 16. Second, Relators alleged that Safran Security expressly or impliedly certified that Safran Security was in compliance with the Federal Acquisition Regulation ("FAR") and the Sherman Antitrust Act, 15 U.S.C. §§ 1–7, when in fact all Defendants had an agreement with a Russian company called Papillon not to compete in each other's markets. Third, Relators alleged that Safran Security expressly or impliedly certified that it was in compliance with the Trade Act, 19 U.S.C. §§ 2501–581, even though Safran Security was allegedly in violation of the Trade Act.

**B. Procedural History**

On February 17, 2015, Relators filed this case under seal in this Court. ECF No. 1. On April 19, 2016, the United States declined to intervene. ECF No. 5. On July 29, 2016, California also declined to intervene. ECF No. 13. On August 5, 2016, this case was unsealed. ECF No. 14.

On August 10, 2016, Relators filed a first amended complaint. ECF No. 16. On October 25, 2016, Relators filed a second amended complaint ("SAC"). ECF No. 38.

On November 8, 2016, Safran USA filed a motion to dismiss the SAC. ECF No. 45. Relators opposed the motion to dismiss on November 22, 2016. ECF No. 45. Safran USA filed a

2
Case No. 15-CV-00746-LHK
ORDER GRANTING IN PART DEFENDANT SAFRAN SECURITY'S MOTION FOR ATTORNEYS' FEES

reply on November 29, 2016. ECF No. 46.

On January 19, 2017, this Court dismissed the SAC without prejudice. ECF No. 54. Specifically, the Court held that Relators had failed to plead a claim with sufficient particularity, as required by Federal Rule of Civil Procedure 9(b). *Id*. The Court ordered that if Relators chose to file an amended complaint, they must do so within twenty-one days. Accordingly, the deadline for Relators to file an amended complaint was February 9, 2017. The Court noted that "[f]ailure to meet the twenty-one day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Relators' deficient claims and deficient prayer for damages." *Id.* at 24. The Court also ordered that "Relators may not add new causes of action or parties without leave of the Court or stipulation of the parties." *Id.*

On February 10, 2017, the day after the deadline for Relators to file a third amended complaint, Defendants filed a Notice of Relators' Non-Filing of Third Amended Complaint and requested that the Court dismiss the SAC with prejudice and without leave to amend. ECF No. 59. That same day, Relators filed a third amended complaint. ECF No. 60. Relators also filed an Ex Parte Application Pursuant to FRCP 60(b)(1) for Relief From January 19, 2017 Order Granting Relators 21 Days to File Third Amended Complaint, Where Relators' Counsel Mistakenly Calendared the Due Date as February 10 and Thus E-Filed Such Third Amended Complaint One Day Late. ECF No. 61 ("Ex Parte Application").

Defendants filed an opposition to Relators' Ex Parte Application on February 10, 2017. ECF No. 64. In Defendants' opposition, Defendants argued that Relators had acknowledged the correct deadline to file a TAC in a separate filing to the Court on February 1, 2017, and so Relators should not be permitted to file the TAC late. In addition, Defendants argued that new parties had been added to the late-filed TAC, namely, MorphoTrak and MorphoTrust. Defendants argued that Relators' addition of the new Defendants without Court order was in violation of the Court's January 19, 2017 order dismissing the SAC. ECF No. 64. On February 12, 2017, Relators filed a reply to Defendants' opposition. ECF No. 65. Defendants filed a sur-reply on February 14, 2017. ECF No. 67.

On February 17, 2017, the Court granted Relators' Ex Parte Application and allowed Relators to file the TAC past the February 9, 2017 deadline. ECF No. 68. However, the Court did not allow Relators to add new defendants to the TAC. Rather, the Court noted that new parties could only be added to the TAC by leave of Court, which Relators had not requested. ECF No. 68.

On February 28, 2017, Relators filed a Motion for Leave to File a Fourth Amended Complaint, which sought leave of Court to add MorphoTrak and MorphoTrust as defendants. ECF Nos. 73, 78. On March 14, 2017, Defendants filed an opposition, ECF No. 79. On March 20, 2017, Relators filed a reply. ECF No. 80.

On May 9, 2017, the Court denied Relators' Motion for Leave to File Fourth Amended Complaint and struck MorphoTrust and MorphoTrak as defendants from the TAC. ECF No. 83. On May 12, 2017, Relators filed a revised TAC removing MorphoTrust and MorphoTrak as defendants. ECF No. 84.

On May 26, 2017, Defendants moved to dismiss the TAC. ECF No. 85. Relators filed an opposition on June 9, 2017, ECF No. 86, and Safran Security filed a reply on June 16, 2017. ECF Nos. 90. The other Defendants joined Safran Security's reply on the same day. ECF No. 92.

On August 25, 2017, this Court dismissed the TAC with prejudice. ECF No. 97. Once again, the Court found that Relators had failed to plead a claim with sufficient particularity to satisfy Federal Rule of Civil Procedure 9(b). *Id.* The Court determined that dismissal with prejudice was appropriate because "Relators 'fail[ed] to cure deficiencies by amendments previously allowed.'" *Id.* at 28 (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010)).

On September 8, 2017, Safran Security filed the instant motion for attorneys' fees. Mot. Relators filed an opposition to the motion for attorneys' fees on October 20, 2018, ECF No. 108 ("Opp."), and Safran Security filed a reply on November 3, 2017. ECF No. 113 ("Reply").

## II. DISCUSSION

### A. Attorneys' Fees Pursuant to the False Claims Act

Safran Security seeks attorneys' fees "incurred in connection with moving to dismiss the Third Amended Complaint." Mot. at 2. Safran Security seeks these fees pursuant to the False Claims Act ("FCA").

As discussed above, Relators' causes of action against Safran Security were based on three theories for why Safran Security's claims were false: (1) Safran Security identified France as the origin of parts of the fingerprint identification software it sold to the United States and California, when in fact those parts came from Russia; (2) Safran Security expressly or impliedly certified that it was in compliance with the FAR and the Sherman Antitrust Act, when in fact it was not; (3) Safran Security expressly or implied certified that it was in compliance with the Trade Act, when in fact it was not. The Court finds that the latter two theories were clearly frivolous, and therefore, pursuant to the FCA, Safran Security is entitled to the attorneys' fees it incurred in defending against those two theories while moving to dismiss the TAC. However, the Court also finds that Safran Security is not entitled to the attorneys' fees it incurred in defending against Relators' first theory of falsity. The Court explains each finding in turn.

#### 1. False Certification of Compliance With Antitrust Laws and Trade Act

The FCA provides that "[i]f the Government does not proceed with the action [brought pursuant to the FCA] and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if (1) the defendant prevails in the action and (2) the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). An action is "clearly frivolous" when the argument is wholly without merit, or when the result is obvious. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006 (9th Cir.2000). "An action is 'clearly vexatious' or 'brought primarily for purposes of harassment' when the plaintiff pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." *Id.* (citing *Patton v. Cty. of Kings*, 857 F.2d 1379, 1381 (9th Cir.1988)). The Ninth Circuit has "stress[ed]"

that "[t]he award of fees under the False Claims Act is reserved for rare and special circumstances." *Id.* at 1006–07.

With regards to Relators' theories that Safran Security falsely certified that it was in compliance with (1) antitrust laws and regulations; and (2) the Trade Act, the Court found in its January 19, 2017 order dismissing the SAC that the factual allegations in the SAC underlying both of these false certification theories failed to meet the heightened pleading standard in Federal Rule of Civil Procedure 9(b). Specifically, as to the alleged antitrust violations, the Court found that Relators' SAC did not specify who made the false certifications of compliance with antitrust laws and regulations, when those false certifications were made, or in what context the false certifications were made. ECF No. 54 at 18–21. Similarly, as to the alleged Trade Act violations, the Court found that Relators' SAC failed to identify who made the false certifications of compliance with the Trade Act and when such false certifications occurred. *Id.* at 19–20. Then, despite being warned of these deficiencies in their SAC, Relators filed a TAC that pled no additional facts about either theory. ECF No. 97 at 27–28. Thus, the Court concluded in its August 25, 2017 order dismissing the TAC that "the TAC's antitrust theory of falsity fails to satisfy Rule 9(b) for the same reasons that led to the SAC's dismissal" and that "the TAC's Trade Act theory of falsity fails to satisfy Rule 9(b)." *Id.*

Because the Court's order dismissing the SAC detailed the ways in which the factual allegations in the SAC underlying these two theories of falsity were insufficient to satisfy Rule 9(b), and because Relators subsequently reasserted these theories of falsity in their TAC without adding any new factual allegations, the Court finds that these theories of falsity were "clearly frivolous" pursuant to the FCA. *See* 31 U.S.C. § 3730(d)(4). In light of the Court's order dismissing the SAC, it was "obvious" that reasserting the same theories of false certification in the TAC without adding any new facts would result in failure. *Pfingston*, 284 F.3d 999 at 1006. Further, the fact that Relators could not muster *any* basic facts about the who, when, and where of these false certifications despite being afforded multiple opportunities to do so, and despite allegedly being "insiders privy to a fraud on the government," *Bly-Magee v. California*, 236 F.3d

6

1014, 1019 (9th Cir. 2001), suggests that these theories of falsity were "utterly lacking in . . . evidentiary support." *U.S. ex rel. J. Cooper & Assocs., Inc. v. Bernard Hodes Grp, Inc.*, 422 F. Supp. 2d 225, 237 (D.D.C. 2006). As a result, the Court concludes that Safran Security is entitled to the attorneys' fees it incurred in defending against these two obviously insufficiently pled theories of falsity while moving to dismiss the TAC.

### 2. Concealing the Russian Origin of the Fingerprint Identification Software

Unlike the two theories of falsity discussed above, the Court finds that Relators' theory that Safran Security concealed the Russian origin of the fingerprint technology it sold was not "clearly frivolous," "clearly vexatious," or "brought primarily for purposes of harassment" within the meaning of the FCA. 31 U.S.C. § 3730(d)(4). As to this particular theory of falsity, in its order dismissing the SAC, the Court found that Relators failed to sufficiently allege (1) the "who, what, where, when, and how" of the alleged scheme to conceal the Russian origin of the fingerprint identification products; and (2) "who the sales [of the fingerprint identification products] were made to and when the sales were made." ECF No. 54 at 17–21 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Relators then filed a TAC that alleged additional facts regarding Relators' false identification of origin theory. Specifically, in an apparent effort to cure the deficiencies that the Court found in the SAC, Relators' TAC included more details about the alleged scheme to conceal the Russian origin of the fingerprint identification products, and also detailed "roughly four sales or contracts that they allege are fraudulent for failure to disclose the alleged Russian origin of the fingerprint identification software." ECF No. 97 at 22.

Based on these new facts in the TAC, the Court found in its order dismissing the TAC that "Relators have sufficiently pled the 'who, what, when, where, and how' of the general misconduct that Relators allege underpins [Safran Security's] false claims." *Id.* The Court eventually concluded that Relators' TAC had failed to cure all of the deficiencies that the Court previously identified in its order dismissing the SAC because Relators had not pled sufficient facts to either plausibly suggest that "Safran Security submitted or caused to be submitted any false claims for

7

payment" or otherwise "connect[] [Safran Security] to the scheme." *Id.* at 26. However, in light of the additional facts in the TAC regarding Relators' false identification of origin theory, the Court cannot say that Relators' attempt to bring that theory into compliance with the heightened pleading standard of Rule 9(b) was "clearly frivolous," "clearly vexatious," or "brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). Unlike with the other two theories of falsity, Relators were able to provide *some* essential facts about the alleged scheme to pass off Russian fingerprinting technology as French fingerprinting technology, and did not merely reassert the same insufficient factual allegations from the SAC in the TAC. Thus, Relators' ultimate failure to satisfy Rule 9(b)'s heightened pleading standard as to their false identification of origin theory was a "bas[i]s for dismissal, [but] not for an award of fees" under the FCA. *Ping Chen ex rel. U.S. v. EMSL Analytical, Inc.*, 966 F. Supp. 2d 282, 307 (S.D.N.Y. 2013).

**B. Attorneys' Fees Pursuant to the Court's Inherent Power**

The parties also argue over whether the Court may in theory award Safran Security attorneys' fees pursuant to the Court's inherent power to impose sanctions. *See* Opp. at 10; Reply at 5–6. These arguments are irrelevant because Safran Security does not move for attorneys' fees pursuant to the Court's inherent power. In the introduction of the instant motion, Safran Security states that it "requests an award of attorneys' fees, as set forth herein, pursuant to 31 U.S.C. § 3730(d)(4)." Mot. at 2. The introduction mentions no other grounds for recovering attorneys' fees. Further, Safran Security devotes an entire section of its motion to asserting that "The Court Should Award Attorneys' Fees As Authorized By The False Claims Act." *Id.* at 8–13. Safran Security's motion has no separate section that requests attorneys' fees pursuant to the Court's inherent power. Indeed, the only mention of the Court's inherent power in the instant motion is a passing reference that "[t]he Court may also award fees and expenses pursuant to its inherent power." *Id.* at 8. Because the legal analysis in the instant motion focuses exclusively on the standard for awarding attorneys' fees pursuant to the FCA, the instant order does the same.

However, analysis of Safran Security's request for attorneys' fees pursuant to the Court's inherent power would not change the result of this order. "[T]o impose sanctions under the

8

Court's inherent power, this Court would have to make a finding of bad faith." *Boyd v. Accuray, Inc.*, 2012 WL 4936591, *6 (N.D. Cal. Oct. 17, 2012). For the same reasons stated above regarding why Relators' identification of origin theory of falsity was not "clearly frivolous," "clearly vexatious," or "brought primarily for purposes of harassment" within the meaning of the FCA, 31 U.S.C. § 3730(d)(4), the Court finds that Relators did not reassert that theory of falsity in bad faith. Further, although Relators may well have reasserted their two other theories of falsity in bad faith, the Court has already determined that Safran Security is entitled to the attorneys' fees it incurred in defending against those two theories *pursuant to the FCA* because they were "clearly frivolous." Thus, the Court will not exercise its inherent power to award Safran Security any attorneys' fees beyond those to which Safran Security is entitled under the FCA.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS in part Safran Security's motion for attorneys' fees. Specifically, the Court concludes that Safran Security is entitled to the attorneys' fees it incurred in defending against two of Relators' three theories of falsity while moving to dismiss the TAC: (1) that Safran Security falsely certified that it was in compliance with antitrust laws and regulations; and (2) that Safran Security falsely certified that it was in compliance with the Trade Act. As explained above, when Relators reasserted these theories in the TAC, the eventual failure of those theories was obvious because Relators made no attempt to cure the pleading deficiencies identified by the Court in its order dismissing the SAC.

However, none of Safran Security's submissions provide any way to ascertain or reasonably estimate the attorneys' fees that Safran Security incurred specifically in defending against these two clearly frivolous theories of falsity. Safran Security submits only a declaration from one of its attorneys, Paul Salvaty (a partner at the law firm Hogan Lovells US LLP), indicating that (1) he, another partner, and a senior attorney performed a combined 76.3 hours of work "after dismissal of the SAC and in support of Defendants' efforts to secure dismissal of the TAC"; and (2) based on their respective hourly rates of $750/hour, $750/hour, and $565/hour, and the number of hours each of them worked, their total attorneys' fees for those 76.3 hours of work

amounted to $45,558.00. ECF No. 99-2 ¶¶ 7–10.

As a result, the Court ORDERS counsel for Safran Security to submit a declaration that provides and details a reasonable estimate of the attorneys' fees Safran Security incurred in defending against the two clearly frivolous theories of falsity asserted in Relators' TAC by February 1, 2018. Thereafter, Relators shall have until February 8, 2018 to file any objections to the estimate submitted by counsel for Safran Security. If a hearing is necessary, the hearing will be held on February 15, 2018, at 1:30 p.m. However, the Court anticipates that the amount of attorneys' fees can be determined on the papers.

**IT IS SO ORDERED.**

Dated: January 25, 2018

_____
LUCY H. KOH
United States District Judge